UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------ X

BATSHEVA ACKERMAN, on Behalf of
Herself and all Others similarly situated,

           Plaintiff,

vs.

THE COCA-COLA COMPANY and
ENERGY BRANDS, INC.,

           Defendants.

------------------------------------ X

Civil Action No.

**CLASS ACTION COMPLAINT**

Jury Trial Demanded

SIFTON, J.

LEVY, M.J.

    Plaintiff Batsheva Ackerman ("Ackerman" or "Plaintiff") brings this action on behalf of herself and all other consumers similarly situated, and alleges upon information and belief, formed after an inquiry reasonable under the circumstances, except as to those allegations which pertain to the named Plaintiff (which are alleged on personal knowledge), as follows:

### NATURE OF THE ACTION

    1.    Plaintiff brings this action on her own behalf and on behalf of a class (the "Class") comprised of all others similarly situated to redress numerous deceptive or unfair acts and practices by The Coca-Cola Company ("Coca-Cola") and Energy Brands, Inc. ("Energy Brands") (collectively, the "Defendants") that were designed to or did mislead the public in connection with its marketing, labeling, packaging or advertising of its VitaminWater line of products. VitaminWater was promoted by Defendants as, among other things, "vitamin + water = all you need."

    2.    This is a class action brought against Defendants to recover and seek redress for their deceptive or unfair practices in connection with their advertising, labeling and marketing of VitaminWater within three years of the filing of this complaint (the "Class Period").

3. The marketing, labeling, packaging and advertising of VitaminWater, during the relevant time period was deceptive in many ways. VitaminWater is, for example, touted to be a dietary supplement, posited as a healthy alternative to other soft drinks (e.g., soda), and generally labeled as nutrient enhanced.

4. Based on these claims, representations, or statements, a reasonable customer could and would readily assume or believe that he or she was purchasing a healthy drink, a drink with the same benefits as water yet with added nutrients and, most certainly, a drink that will not cause harm or negatively affect one who consumes it.

5. Based upon information and belief, however, consumption of VitaminWater can cause more harm than good to consumers. Further, VitaminWater is not the health drink that Defendants purport it to be as it contains almost as much sugar as a soft drink and certain vitamins purported to be contained in VitaminWater beverages are not benefiting consumers the way Defendants' claim (e.g., are incapable of being absorbed by the body or fail to maintain a potency between date of bottling and date of consumption).

6. Defendants' conduct constitutes unfair practices under the New York Deceptive Practices Act (General Business Law § 349) (the "GBL") and based upon Defendants' violations of the GBL and/or the harm caused to Plaintiff and members of the Class as a result of Defendants' improper conduct, Plaintiff and members of the Class seek restitutionary and injunctive relief, including: (a) compensatory, punitive and statutory damages; (b) disgorgement and restitution of Defendants' ill-gotten gains for unfair business practices and untrue and misleading advertising; and (c) disclosures and/or disclaimers on the outside of its bottles, packaging or advertising materials.

## PARTIES

7. Plaintiff is, and at all relevant times has been, a resident of Nassau County, New York.

8. Defendant The Coca-Cola Company is a Delaware corporation with its headquarters in Atlanta, Georgia. Coca-Cola is self-described as the largest world-wide manufacturer, distributor and marketer of nonalcoholic beverages. Coca-Cola purchased Glaceau, including its VitaminWater product line, for $4.1 billion in 2007.

9. Defendant Energy Brands, Inc. is a wholly owned subsidiary of Coca Cola, and is headquartered in Whitestone, New York.

## JURISDICTION AND VENUE

10. The Court has original jurisdiction over this matter, pursuant to 28 U.S.C.S. §1332(d), in that the matter in controversy exceeds $5 million, exclusive of interest and costs, and is a class action of more than 100 potential class members in which Plaintiff is a citizen of New York while at least one defendant is a citizen of a different state.

11. Venue properly lies in this district pursuant to 28 U.S.C. §1391(a), because Plaintiff resides and Defendant resides, is found, has its principal place of business, has an agent, or has transacted substantial business within the Eastern District of New York within the meaning of 28 U.S.C. §1391(a) as defined in 28 U.S.C. §1391(c), and because a substantial part of the events giving rise to the claims alleged herein occurred in the Eastern District of New York.

## SUBSTANTIVE ALLEGATIONS

12. Defendants sold VitaminWater as a healthy alternative to typical soft drinks. Defendants aggressively marketed and advertised VitaminWater as a health drink and sought to

attract health-conscious consumers.

13. The labeling and packaging of VitaminWater products echoed the sentiment of the ostensibly healthy nature of the beverage.

14. Indeed, VitaminWater is peddled with the simple slogan: "vitamin + water = all you need." The description is intended to influence consumers that the beverage contains simply water and nutrients. It misrepresents, however, that VitaminWater contains additives and preservatives that causes the beverage to be far from healthy.

15. For example, each bottle of VitaminWater contains a large amount of sugar. The fruit punch flavor of VitaminWater called "revive," for example, contains 32.5 grams of sugar. By comparison, a standard can of Coca-Cola Classic contains 39 grams of sugar and a can of Sprite contains 38 grams of sugar.

16. Nutritionists and dieticians have commented and warned consumers to look closely at the contents of VitaminWater as compared with other unhealthy soft drinks. Linda Antinoro, dietician of Brigham and Women's Hospital, noted that consumers must be wary of the fact that "[E]ach of these bottles is the equivalent of having 8 teaspoons of sugar." Also referring to VitaminWater, Dr. Geza Bruckner, a University of Kentucky College of Health Sciences Nutrition Specialist, observed: "They have too much sugar." Dr. Brucker also warned that drinks like VitaminWater also contain the same amount of sugar that is found in soft drinks, which upon information and belief can contribute to obesity. According to Dr. Brucker, "the base sugar is crystallized fructose coming from fructose corn syrup."

17. Defendants also purported that each of the vitamins contained in VitaminWater can contribute to a person's overall health when consumed. However, according to a report by ABC News on the health benefits of vitamin waters, Delia Hammock, Good Housekeeping's

director of nutrition, claimed that although VitaminWater may contain many vitamins, it does not necessarily mean that your body will ever absorb them. Hammock observed that vitamins A and E, present in some types of VitaminWater are fat-soluble vitamins, and because there is no fat in water, they cannot be absorbed by the body. Although Defendants aggressively marketed, and continue to market, the health benefits of the vitamins in VitaminWater, in reality some vitamins may have no effect on consumers' overall health.

18. Defendants deception and misleading of consumers about the purported health benefits of VitaminWater extends to the very names and descriptions of the 15 varieties of VitaminWater produced, marketed and sold by Defendants, including: "power-c," "defense," "focus," "balance," "endurance," "essential," "vital-t," "energy," "b-relaxed," "rescue," "charge," "multi-v," "formula 50," "revive," and "xxx."

- VitaminWater "power-c," dragonfruit (vitamin c + taurine), "is specially formulated with nutrients that enable the body to exert physical power by supporting optimal generation and utilization of energy. the nutrients in power-c also contribute to structural integrity of the musculoskeletal system."

- VitaminWater "defense," raspberry-apple (vitamin c + zinc), "is specially formulated with nutrients required for optional functioning of the immune system as well as the generation and utilization of energy from food."

- VitaminWater "focus," kiwi-strawberry (vitamin a + lutein), is "specially formulated to deliver vitamin a, antioxidants and other nutrients that have been shown to positively contribute to eye health. scientific evidence suggests certain antioxidants such as lutein may reduce the risk of age-related eye disease."

- VitaminWater "balance," cran-grapefruit (vitamin c + glucosamine), is "specially formulated with nutrients that are important for healthy bones and joints. glucosamine is a component of healthy cartilage."

- VitaminWater "endurance," peach-mango (vitamin e + ribose), is "specially formulated with ribose (a component of atp, the body's energy currency), antioxidants to protect muscles and vitamins necessary for the generation and utilization of energy from food. all these ingredients are added to help enhance the body's physical endurance."

5

- VitaminWater "essential," orange-orange (vitamin c + calcium), is "a great, nutritious start to your day with all the vitamin c of orange juice but the calories and the carbs."

- VitaminWater "vital-t," lemon tea (vitamin c + vitamin e), "helps boost vitality by combining the antioxidant vitamins c and e with rooibos tea, a caffeine-free south african herbal tea that is high in antioxidants. the antioxidants in vital-t help to protect cells by disrupting free-radical oxidation."

- VitaminWater "energy," tropical citrus (vitamin b + guarana), "is specially formulated to provide the body with both immediate and extended natural energy. it offers a quick boost from guarana and natural caffeine. VitaminWater energy also contains natural sweeteners that provide fuel and b vitamins that help to convert food into energy."

- VitaminWater "b-relaxed," jackfruit- guava (vitamin b + theanine), "is the perfect way to chill. each 8 ounce serving contains 20% of the daily value of vitamins b3, b5, b6 and b12, and 40% of the daily value of vitamin c. these are vitamins that your body can lose during times of mental or physical stress. b-relaxed also contains theanine, an amino acid found in tea, which has been shown to promote relaxation."

- VitaminWater "rescue," green tea (vitamin c + egcg), "is specially formulated to support a healthy immune system. it contains antioxidants that have been shown to reduce the risk of certain chronic diseases plus the vitamins necessary for the generation and utilization of energy from food."

- VitaminWater "charge," lemon-lime (vitamin b + electrolytes), "is specially formulated with electrolytes and b vitamins necessary to support the physiological functioning of exercising muscle without contributing to excessive sodium intakes. electrolytes are necessary for maintaining cellular fluid balance and play a role in the contraction and relaxation of muscle cells. the vitamins in charge are required for the body's generation and utilization of energy."

- VitaminWater "multi-v," lemonade (vitamin a - zinc), "is specially formulated with 11 essential vitamins and minerals, from vitamin a to zinc, to provide the body with nutrients needed to remain healthy and active."

- VitaminWater "formula 50," grape (50% daily dose), "is specially designed to deliver 50% of the daily value for seven important vitamins including vitamins c, e & folic acid in each 20 ounce bottle."

- VitaminWater "revive," fruit punch (vitamin b + potassium), "is specially formulated with potassium (the primary electrolyte of intracellular fluid) and select b vitamins to aid the body in recovery after an active day or night. potassium is critical to electrolyte balance and the b vitamins are required for

generation and utilization of energy from food."

- VitaminWater "xxx," acai-blueberrry-pomegranate (triple antioxidants), "is specially formulated with a powerful blend of antioxidants including vitamin c (250% of the daily value per bottle) and polyphenols from acai (a brazilian berry), blueberry, and pomegranate. xxx also contains 25% of 4 important b vitamins in each 20-ounce bottle."

19. The high sugar content of VitaminWater beverages, particularly when coupled with the 125 calories in each bottle of VitaminWater, renders the beverage as more unhealthy than healthy. According to nutritionist Catherine Saxelby, Nutrition Director of *Healthy Food Guide* magazine and Nutrition Editor of *Australian Table* magazine, despite their labels touting their ability to "revive" consumers and improve their "focus" and "energy", VitaminWater beverages are simply artificial concoctions of additives more likely to undermine drinkers' health than improve it.

20. Further, the Q&A section of the website for the VitaminWater product line responds to the question as to whether there is a limit to amount of VitaminWater that should be consumed in a day by stating that there is no limitation on the amount that can or should be drunk by consumers. Through such statements, Defendants advance their notion that VitaminWater is a healthy drink. These statements, however, shield consumers from the fact that VitaminWater is high in calories and high in sugar and that consumers' consumption of VitaminWater cannot be regarded as akin to drinking regular water. Indeed, according to published reports, certain flavors of VitaminWater contain potassium, which can cause potential harm when its intake is not monitored.

21. Defendants sell VitaminWater as the equivalent of water but with vitamins or nutrients as a value added to the beverages. Defendants charge a premium price to consumers for the VitaminWater product line.

7

*Allegations Specific to Plaintiff*

22. Plaintiff purchased VitaminWater drinks – including, for example, Glaceau VitaminWater fruit punch ("revive") and Glaceau VitaminWater lemonade ("multi-v") – one to two times per week between Fall 2007 and Fall 2008.

23. Plaintiff made her purchases at various drug stores (*e.g.,* Duane Reade) throughout New York.

24. Plaintiff relied upon the representations concerning VitaminWater made by Defendants through their marketing, labeling, packaging and advertising of the product line.

25. Plaintiff purchased VitaminWater as a healthy alternative to Snapple or soda.

*Defendants' Conduct Toward Plaintiff is Representative of Conduct Toward the Class*

26. Plaintiff and members of the Class relied upon the way Defendants represented VitaminWater through the marketing, labeling, packaging and advertising of the various flavors of the purported health drink.

## CLASS ACTION ALLEGATIONS

27. This action is brought as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure. Plaintiff brings this action both in his individual capacity and as a class action against Defendants on behalf of himself and the Class, which consists of all New York State residents who purchased VitaminWater within three years of the filing of this complaint. Excluded from the Class are Defendants, including any entity in which Defendants have a controlling interest, or which is a parent or subsidiary of, or which is controlled by Defendants, and the officers, directors, affiliates, legal representatives, heirs, predecessors, successors, or assigns of Defendants.

28. The members of the Class ("Class Members") are so numerous that joinder of all members is impracticable. While the exact number of Class Members is unknown to Plaintiff at

this time and can only be ascertained through appropriate discovery, Plaintiff believes that there are thousands of members of the proposed Class.

29. Common questions of law and fact exist as to all Class Members and predominate over any questions which affect only individual Class Members. These common questions of law and fact include:

(a) Whether Defendants marketed, labeled, packaged and advertised VitaminWater using misleading claims, statements or representations;

(b) Whether Defendants engaged in false and misleading advertising concerning the nature and characteristics of VitaminWater;

(c) Whether Defendants knowingly concealed the negative or unhealthy characteristics of VitaminWater;

(d) Whether Defendants' business practices violate New York law for which Plaintiff and Class Members may recover damages;

(e) Whether Plaintiff and Class Members are entitled to statutory relief;

(f) Whether Plaintiff and Class Members are entitled to punitive relief;

(g) Whether Plaintiff and the Class Members are entitled to injunctive relief;

(h) Whether Plaintiff and Class Members are entitled to compensatory relief; and

(i) Whether Plaintiff and Class Members have sustained damages, and, if so, what is the proper measure of damages.

30. Plaintiff's claims are typical of the claims of Class Members as she and each Class Member sustained, and continues to sustain, damages arising from Defendants'

wrongdoing. Plaintiff's damages, as well as the damages of each Class Member, were caused by Defendants' wrongful conduct, as alleged herein.

31. Plaintiff will fairly and adequately protect the interests of those Class Members she seeks to represent and has no interests that are antagonistic to the interests of any other Class Member. Plaintiff has retained counsel who have experience and success in complex class action litigation.

32. A class action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all the individual Class Members is impracticable. Furthermore, because the damages suffered, and continue to be suffered, by each individual Class Member may be relatively small, the expense and burden of individual litigation would make it very difficult or impossible for individual Class Members to redress the wrongs done to each of them individually and the burden imposed on the judicial system would be enormous.

33. In addition, the prosecution of separate actions by the individual Class Members would create a risk of inconsistent or varying adjudications with respect to individual Class Members, which would establish incompatible standards of conduct for Defendants. In contrast, the conduct of this action as a class action presents far fewer management difficulties, conserves judicial resources and the parties' resources, and protects the rights of each Class Member.

## FIRST CAUSE OF ACTION
**Breach of Express Warranty**

34. Plaintiff repeats and re-alleges the allegations contained in all preceding paragraphs as if fully set forth herein.

35. Defendants represented, in writing and otherwise, that VitaminWater is a health drink. As set forth above, Defendants also made addition representations about the VitaminWater product line and the individual flavors.

36. Defendants breached these warranties, which resulted in damages to Plaintiff and other Class members who paid the premium price – overpaid – for VitaminWater.

37. As a direct or proximate result of this breach of warranty by Defendants, Plaintiff and Class members have been damaged in an amount to be determined at trial. Plaintiff and Class members purchased and paid a premium for a product that was different than what was marketed, labeled, or advertised.

## SECOND CAUSE OF ACTION
### Breach of Implied Warranty

38. Plaintiff repeats and re-alleges the allegations contained in all preceding paragraphs as if fully set forth herein.

39. Plaintiff and members of the Class purchased and consumed VitaminWater as a healthy beverage or healthy alternative to soft drinks.

40. Plaintiff and the Class relied on Defendants' industry reputation to furnish a suitable product and a product advertised and labeled for its stated purpose.

41. At the time of manufacturing, advertising and sale, Defendants knew or had reason to know the particular purpose for which the goods were sought, required or would be used. Defendants knew that Plaintiff and members of the Class were relying on their industry reputation to manufacture and sell beverages that were fit for their stated and advertised purpose.

42. Defendants breached the implied warranty.

43. Plaintiff and members of the Class did not receive suitable products or goods in the form of the VitaminWater product line. VitaminWater flavors were not fit for the particular

11

purpose for which they were sought, purchased and required in that it was not, for example, a health drink and, in fact, contained high sugar content and a large amount of calories.

44. As a direct or proximate result of this breach of implied warranty by Defendants, Plaintiff and the Class have been damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
### Unjust Enrichment

45. Plaintiff repeats and re-alleges the allegations contained in all preceding paragraphs as if fully set forth herein.

46. By means of their material misconduct, as set forth above, Defendants induced Plaintiff and Class Members to purchase VitaminWater and, in fact, pay a premium for the beverage.

47. As a consequence of such misconduct, Plaintiff and Class Members were forced to incur costs they would not have otherwise been willing to pay absent the misrepresentations and misconduct by Defendants.

48. By virtue of the foregoing, Defendants have been unjustly enriched in an amount yet to be determined with respect to Plaintiff and Class Members to the extent that Defendants received and kept revenues collected from the VitaminWater varieties manufactured and sold by Defendants, which they would not have received absent their improper conduct.

## FOURTH CAUSE OF ACTION
### Negligent Misrepresentation

49. Plaintiff repeats and re-alleges the allegations contained in all preceding paragraphs as if fully set forth herein.

12

50. Defendants misrepresented to Plaintiff and the Class the characteristics of VitaminWater. Defendants likewise omitted material facts regarding the nature of VitaminWater.

51. Defendants owed a duty to Plaintiff and the Class to exercise reasonable care when issuing statements or disclosures regarding the nature of VitaminWater flavors.

52. Upon information and belief, the statements or disclosures regarding the nature or characteristics of VitaminWater were likely to deceive or confuse Plaintiff and members of the Class.

53. The referenced claims have also influenced or are likely to influence future decisions of consumers and the buying public. Plaintiff and the Class, by purchasing the VitaminWater, reasonably acted in reliance upon the truth of the representations made by Defendants.

54. As a direct and proximate result of the Plaintiff's and the Class' reliance upon the representation made by Defendants, as described above, Plaintiff and the Class have sustained damages and ascertainable loss.

## FIFTH CAUSE OF ACTION
### Intentional Misrepresentation

55. Plaintiff repeats and re-alleges the allegations contained in all preceding paragraphs as if fully set forth herein.

56. Defendants represented to the public, including Plaintiff and the Class, that VitaminWater was a health drink, or was simply water with the added value of nutrients or vitamins.

57. Defendant's representations were false and misleading.

58. At the time Defendant made statements or representations regarding the nature or qualities of VitaminWater's varieties, Defendants knew that the statements or representations were false.

59. Defendants made the misrepresentations alleged herein with the intention of inducing and persuading Plaintiff and the Class to purchase VitaminWater.

60. Defendants knew that VitaminWater was not a health drink and should not be purchased or consumed by consumers as such.

61. Plaintiff and members of the Class, by purchasing VitaminWater, relied on Defendants' false representations.

62. As a direct or proximate result of Defendants' intentional misrepresentations, Plaintiff and members of the Class were induced to pay, and pay a premium for, VitaminWater.

63. Plaintiff and members of the Class were damaged through their purchase and use of VitaminWater.

64. Plaintiff's and the Class' reliance on Defendants' statements and representations of the nature and characteristics of the VitaminWater varieties was reasonable.

65. Based upon the allegations stated herein, Defendants were and are guilty of malice, oppression, and fraud, and Plaintiff and the Class are thereby entitled to recover exemplary or punitive damages.

## SIXTH CAUSE OF ACTION
### Violation of Section 349 of the New York General Business Law and Other Similar State Statutes

66. Plaintiff repeats and re-alleges the allegations contained in all preceding paragraphs as if fully set forth herein.

67. Defendants engaged in false and misleading advertising concerning the nature and characteristics (*e.g.*, health) of VitaminWater.

68. As fully alleged above, by advertising, marketing, distribution, and/or selling the VitaminWater to Plaintiff and Class Members, Defendants engaged in, and continue to engage in, deceptive acts and practices.

69. Plaintiff and the members of the Class further seek to enjoin such unlawful deceptive acts and practices as described above. Each of the Class members will be irreparably harmed unless the unlawful actions of Defendants are enjoined in that Defendants will continue to falsely and misleadingly advertise the healthy nature of VitaminWater. Towards that end, Plaintiff and the Class request an order granting them injunctive relief as follows: order disclosures and/or disclaimers on the labeling or advertising of VitaminWater.

70. Absent injunctive relief, Defendants will continue to manufacture and sell VitaminWater with the stated use as a health drink, or water with added value of nutrients, to the detriment of its customers. Plaintiff has not previously asked for such injunctive relief.

71. In this regard, Defendants have violated, and continue to violate, §349 of the GBL, which makes deceptive acts and practices unlawful. As a direct and proximate result of Defendants' violation of §349 of the GBL as described above, Plaintiff and Class Members have been injured and have suffered damages, in an amount to be determined at trial.

## SEVENTH CAUSE OF ACTION
### Restitution

72. Plaintiff repeats and re-alleges the allegations contained in all preceding paragraphs as if fully set forth herein.

73. By virtue of deceptive and unlawful business practices, Defendants charged and received payment for the VitaminWater that they manufactured and sold. Defendants should not

be permitted to retain those payments in equity and good conscience, as those payments were obtained in contravention of law. To permit Defendants to retain those payments would wrongfully confer a benefit upon Defendants.

74. Under the circumstances, it would be inequitable for Defendants to retain these benefits.

WHEREFORE, Plaintiff demands judgment against Defendants for himself and Class Members, as follows:

A. An Order determining that the action is a proper class action, maintainable under Rule 23, and certifying Plaintiff as representative of the Class;

B. An Order awarding statutory, compensatory and punitive damages in favor of Plaintiff and the other Class Members against Defendants for Defendants' violation of the GBL, and for all damages sustained as a result of Defendants' wrongdoing, in an amount to be proven at trial, including interest thereon;

C. An Order declaring the Defendants' practices to be unlawful, improper, unfair, and/or deceptive and requiring Defendants to refund the proceeds from the sales of VitaminWater to Plaintiff and Class Members;

D. An Order awarding Plaintiff and Class Members their actual damages for the wrongful acts complained of, along with pre-judgment and post-judgment interest;

E. A temporary, preliminary or permanent injunction enjoining Defendants from continuing to disseminate false and misleading advertising concerning the healthy nature and characteristics of VitaminWater;

F. Disgorgement and restitution of any ill-gotten gains that Defendants obtained through their dissemination of false and misleading statements regarding VitaminWater;

G. An Order awarding Plaintiff and Class Members their reasonable costs and expenses incurred in this action, including counsel fees and expert fees;

H. Such other and further relief as the Court may deem just and proper; and

I. Any other and further relief to which they may be entitled at law or in equity.

## JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury.

DATED: January 29, 2009          **RIGRODSKY & LONG, P.A.**

*(signature)*

Mark S. Reich
Joseph Russello
585 Stewart Avenue, Suite 304
Garden City, NY 11530
Tel.: (516) 683-3516

– and –

Seth D. Rigrodsky
Brian D. Long
919 N. Market Street, Suite 980
Wilmington, DE 19801
Tel.: (302) 295-5310
Fax: (302) 654-7530

*Counsel for Plaintiff*