James R. Eiszner, # JE-7468
jeiszner@shb.com
John F. Murphy (*admitted pro hac vice*)
jmurphy@shb.com
SHOOK, HARDY & BACON, L.L.P.
2555 Grand Blvd.
Kansas City, MO  64108-2613
Telephone:  (816) 474-6550
Facsimile:  (816) 421-5547

John Lewis Jr. (*pro hac application pending*)
johnlewis@na.ko.com
Shani C. Thome, # SD-3608
sthome@na.ko.com
THE COCA-COLA COMPANY
One Coca-Cola Plaza
Atlanta, Georgia  30313
Telephone:     (404) 676-2121
Facsimile:     (404) 676-7636

Attorneys for Defendants
THE COCA-COLA COMPANY
and ENERGY BRANDS INC. (d/b/a GLACEAU)

### IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

| | |
|---|---|
| **BATSHEVA ACKERMAN, RUSLAN ANTONOV, JAMES KOH and JERRAD PELKEY, individually and on behalf of those similarly situated,** | : <br> : <br> : <br> : |
| **Plaintiffs,** | : |
| **vs.** | :  **Case No. 09-cv-0395-CPS-RML** |
| **THE COCA-COLA COMPANY and ENERGY BRANDS INC.** | : <br> : |
| **Defendants.** | : |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

### MOTION AND MEMORANDUM OF LAW IN SUPPORT FOR STAY PENDING DETERMINATION OF MULTIDISTRICT COORDINATION

This lawsuit is a hybrid of four substantially similar prior cases that had been previously

filed across the country, including three overlapping, putative class actions and an individual

plaintiff case. The suits alleged that Defendants deceptively marketed their "vitaminwater" products as "healthy" beverages and sought economic damages and injunctive relief relating to the alleged marketing practices. On June 1, 2009, the Defendants filed a motion with the Judicial Panel on Multidistrict Litigation ("JPML") for transfer of this case, together with another pending case to a single court for coordinated pretrial management pursuant to 28 U.S.C. § 1407.[1] A notice and a copy of that Motion has been filed in this case.

The Coca-Cola Company and its subsidiary, Energy Brands Inc. (collectively, "Defendants"), respectfully move this Court to stay all proceedings in this action pending resolution of their motion before the JPML. A stay is necessary and appropriate to achieve the judicial economies that underlie Section 1407 and it would allow the JPML to determine the appropriate location of this consolidated proceeding.

Absent a stay, the Court would spend valuable time and resources supervising pretrial proceedings and making rulings in a single case over which it may lose jurisdiction or, if MDL consolidation is deemed appropriate in this District, may be consolidated for pretrial proceedings with the other lawsuit not currently before this Court. Should the Court refuse to enter a stay, Defendants would be significantly and unfairly prejudiced as they would have to engage in duplicative discovery in jurisdictions around the country in overlapping class actions.

## BACKGROUND

This case was originally filed as one of five related federal court cases, to date, regarding Defendants' alleged marketing of vitaminwater. Upon learning of Defendants' intent to seek MDL consolidation of these cases, plaintiffs in three of these cases filed in California federal

---

[1] Defendants are seeking a stay in the other related class action currently pending in the United States District Court for the District of Jersey, currently titled *Thomas Mason, et al. v. The Coca-Cola Company and Energy Brands, Inc.,* Case No. 1:09-cv-00220-NLH-JH.

3476250v1

court dismissed their three cases and joined the existing *Ackerman* case. Another related putative nationwide class action, *Thomas Mason, et al. v. The Coca-Cola Company and Energy Brands, Inc.,* Case No. 1:09-cv-00220-NLH-JH, remains pending in the District Court of New Jersey.[2] In light of their multidistrict coordination motion, Defendants seek to temporarily stay activity in each action so that multidistrict coordination can be properly determined by the JPML.

Defendants expect that the JPML will address the Motion for Consolidation and Transfer at the July 2009 JPML hearing. No prejudice to discovery will occur in the interim.[3] Further, there is considerable benefit to be gained by waiting until the MDL Panel decides the consolidation request. If an MDL is created, the JPML will determine which judge should handle the consolidated pretrial proceeding. That MDL judge will presumably appoint a Steering Committee of Plaintiffs' counsel and let all parties know of his or her expectations concerning discovery and other pretrial matters. Discovery and depositions will then proceed in a coordinated fashion for all cases, consistent with those expectations. This Court clearly has the authority to suspend discovery in this case under these circumstances. By doing so, this Court would promote efficiencies and economies for both this Court and the parties.

## ARGUMENT AND AUTHORITIES

**I.  THIS CASE SHOULD BE STAYED PENDING THE JPML'S TRANSFER DECISION.**

This Court should exercise its discretion to stay all further proceedings here pending the JPML's decision. "The decision whether to stay proceedings is discretionary, and the exercise of

---

[2]  The parties in the *Mason* case have jointly agreed to sever the vitaminwater-related claims from the unrelated claims. The joint stipulation has been submitted to the court.

[3]  Defendants have issued a litigation hold, retaining both hard and electronic records so a stay would not impact the availability of information in discovery.

3476250v1

discretion is guided by the policies of justice and efficiency." *Boudreaux v. Metropolitan Life Ins. Co.*, No. 95-138, 1995 WL 83788, *1 (E.D. La. Feb. 24, 1995).  The power to stay is well established and particularly apt here.  The power to stay is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936); *see also Radio Corp. of America v. Igoe*, 217 F.2d 218, 220 (7th Cir. 1955) (same); *Sonkin v. Barker*, 670 F. Supp. 249, 253 (S.D. Ind. 1987) (same).  "Courts frequently grant stays pending a decision by the MDL Panel regarding whether to transfer a case." *Good v. Prudential Ins. Co. of Am.*, 5 F. Supp. 2d 804, 809 (N.D. Cal. 1998). Numerous courts have stayed proceedings pending determinations by the JPML on the appropriateness of coordination under Section 1407.  *See, e.g., U.S. Bank, Nat'l Ass'n v. Royal Indem. Co.*, No. Civ. A 3:02-CV-0853-P, 2002 WL 31114069 (N.D. Tex. Sept. 23, 2002); *Rivers v. The Walt Disney Co.*, 980 F. Supp. 1358 (C.D. Cal. 1997); *American Seafood, Inc. v. Magnolia Processing*, Nos. Civ. A. 92-1030, 92-1086, 1992 WL 102762 (E.D. Pa. May 7, 1992); *Arthur-Magna, Inc. v. Del-Val Fin Corp.*, No. Civ. A. 90-4378, 1991 WL 13725 (D.N.J. Feb. 1, 1991); *Kollar v. Conagra Foods*, No. 07CV130, 2007 WL 1774679 (W.D.N.Y. June 18, 2007); *Rosenfeld v. Hartford Fire Ins. Co.*, Nos. 88 Civ. 2153 (MJL), 88 Civ. 2252 (MJL), 1988 WL 49065 (S.D.N.Y. May 12, 1988); *Portnoy v. Zenith Labs.*, No. Civ. A. 86-3512, 1987 WL 10236 (D.D.C. Apr. 21, 1987).

When deciding whether to issue a stay pending a decision by the JPML, courts look at (1) considerations of judicial economy and (2) prejudice to the parties.  *Rivers*, 980 F. Supp. at 1360. As described below, consideration of both these factors favor this Court granting a stay of this action.

3476250v1

### A.       Judicial Economy Mandates a Stay.

If this case is transferred, the MDL court will establish discovery and pretrial proceedings for this and other cases transferred with it.  Because of this, much work would be needlessly duplicated if pretrial proceedings and discovery continue to go forward before the JPML has an opportunity to rule.  "[A] stay pending the Panel's decision can increase efficiency and consistency." *Manual for Complex Litigation (Fourth)* § 22.35 (2005).

If this Court did not issue a stay, it could well make rulings that would be reconsidered were the case to be transferred.[4]  As the court in *U.S. Bank* noted in granting defendant's motion to stay, "[i]f the MDL motion is granted, all of the Court's time, energy, and acquired knowledge regarding the action and its pretrial procedures will be wasted." *U.S. Bank*, 2002 WL 31114069 at *2; *see also Rivers*, 980 F. Supp. at 1361.  The Court should not expend its limited resources "familiarizing itself with the intricacies of a case that would be heard by another judge." *Rivers*, 980 F. Supp. at 1360.  Even holding status conferences or issuing discovery orders can be inefficient.  "[E]fforts on behalf of this Court concerning case management will most likely have to be replicated by the judge that is assigned to handle the consolidated litigation." *Id.*  To avoid the risk of inconsistent legal rulings, duplicative pretrial proceedings, duplicative discovery orders, and the waste of judicial resources, this Court should stay the proceedings.  Granting a temporary stay further promotes judicial economy and the integrity of the MDL process because it will allow the JPML to evaluate plaintiffs' actions in wasting resources through their forum-shopping tactics.

---

[4]       Even if the JPML consolidates these actions for pretrial proceedings before this Court, any matters addressed in the single case likely would need to be decided anew after the arrival in this Court of the parties from the other actions, thus little or no time advantage would be gained by the effort.

5

**B.** **Without a Stay, Defendants Will Be Unnecessarily Prejudiced While Plaintiffs Will Suffer Minimal or No Prejudice.**

In addition to the waste of judicial resources inherent in proceeding with this matter prior to a decision by the JPML, Defendants would be substantially prejudiced by duplicative discovery and motion practice if a stay is not put in place. *See American Seafood*, 1992 WL 102762 at *2 (holding that "[t]he duplicative motion practice and discovery proceedings demonstrate that judicial economy and prejudice to defendants weigh heavily in favor of a stay"). Without a stay, the risk exists that Defendants will be required to respond to potentially inconsistent discovery requests and will have to produce its witnesses multiple times in different jurisdictions. Moreover, Defendants have asserted that plaintiffs' claims (that the fact that vitaminwater contains sugar precludes Defendants from making health claims regarding vitaminwater) are preempted under the Food, Drug and Cosmetic Act. Without a stay, the resolution of this preemption issue may be inconsistent across the different jurisdictions. Similarly, the consolidation of these cases for pretrial proceedings will potentially result in the filing of a consolidated amended complaint, to which Defendants will then answer or otherwise respond.

In contrast, a stay of these proceedings will not prejudice plaintiffs. The stay would be in effect only until the Panel issues its decision; there will be no long-term delay in the litigation. *See Republic of Venezuela v. Philip Morris Cos., Inc.*, 1999 WL 33911677, *2 (S.D. Fla. Apr. 28, 1999). In reasoning equally applicable here, the Court in *American Seafood, Inc.*, granted a stay pending multidistrict determination because:

> [A]ny prejudice to the plaintiffs is clearly outweighed by the
> considerations of judicial economy and possible prejudice to the
> defendants. . . . If this Court were not to stay the proceedings in
> these two cases, the Court will have to consider the motions to
> dismiss and the motions for class action certification. This Court's
> rulings on those motions may conflict with the decisions of the

6

Northern District of Mississippi which has in front of it similar motions. The result is that the defendants may be forced to prosecute or defend similar motions twice and the decisions of this Court and the Northern District may be in conflict. The duplicative motion practice and discovery proceedings demonstrate that judicial economy and prejudice to the defendants weigh heavily in favor of the stay.

1992 WL 102762 at *2.  Plaintiffs will not be prejudiced by a limited delay, either in discovery or in receiving an answer to the Complaint.  This Court should therefore stay all proceedings in this matter pending a decision by the JPML.

## CONCLUSION

For the reasons set forth above, Defendants respectfully request that the Court grant their Motion and Memorandum of Law in Support to Stay All Proceedings Pending Transfer Decision by the JPML.

Dated:  June 16, 2009                    By: /s/ James R. Eiszner
                                             James R. Eiszner, # JE-7468
                                             John F. Murphy (*admitted pro hac vice*)
                                             SHOOK, HARDY & BACON L.L.P.
                                             2555 Grand Blvd.
                                             Kansas City, MO  64108-2613
                                             Telephone:  816.474.6550
                                             Facsimile:  816.421.5547

                                             *Counsel for Defendants*
                                             *The Coca-Cola Company*
                                             *and Energy Brands Inc.*

7

3476250v1

**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

BATSHEVA ACKERMAN, RUSLAN      :
ANTONOV, JAMES KOH and JERRAD
PELKEY, individually and on behalf of those  :
similarly situated,      :

           Plaintiffs,      :
    vs.      :  **Case No. 09-cv-0395-CPS-RML**

THE COCA-COLA COMPANY      :
and ENERGY BRANDS INC.      :

           Defendants.      :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**[PROPOSED] ORDER ON DEFENDANTS' MOTION FOR STAY PENDING**
**DETERMINATION OF MULTIDISTRICT COORDINATION**

1.     The Court orders that this matter be stayed until after the JPML grants, denies, or

otherwise disposes of the pending motion to transfer.

2.     All other dates and/or deadlines currently set by the Local Rules of the Eastern

District of New York, the Federal Rules of Civil Procedure, and Court order are hereby vacated

until further order by this court or order of another court to which this action is transferred by the

JPML.

3.     No party shall be required to provide discovery until further order of this court or

another transferee court, or until a conference pursuant to Fed.R.Civ.P. 26(f) has been held.

However, this shall not be construed to prohibit the voluntary exchange of information between

the parties.

     IT IS SO ORDERED.


DATED:_____      _____
                       HONORABLE CHARLES P. SIFTON
                       UNITED STATES DISTRICT JUDGE

3476250v1

## CERTIFICATE OF SERVICE

I hereby certify that on June 16, 2009, the foregoing document was filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure, and/or the Eastern District's Local Rules, and/or the Eastern District's Rules on Electronic Service upon the following parties and participants:


        Michael R. Reese
        Kim E. Richman
        Reese Richman LLP
        875 Sixth Avenue, 18th Floor
        New York, New York 10001

        Patrick Sheehan
        Whatley Drake & Kallas, LLC
        60 State Street, 7th Floor
        Boston, Massachusetts 02109

        Deborah Clark-Weintraub
        Whatley Drake & Kallas, LLC
        1540 Broadway, 37th Floor
        New York, New York 10036

        Mark S. Reich
        Joseph Russello
        Coughlin Stoia Geller Rudman & Robbins LLP
        58 South Service Road, Suite 200
        Melville, NY 11747


COUNSEL FOR PLAINTIFFS

                        /s/ James R. Eiszner
                        ATTORNEY FOR DEFENDANTS

3476250v1