**Shook, Hardy & Bacon L.L.P.**
www.shb.com

**Tammy B. Webb**

One Montgomery, Suite 2700
California 94104
415.544.1900
415.391.0281 Fax
tbwebb@shb.com

December 10, 2012

**VIA ECF**

Hon. Robert M. Levy
U.S. District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York  11201

Re:  *In Re: Glaceau Vitaminwater Litig.,* Case No. 1:11-md-02215-DLI-RML

Dear Judge Levy:

Defendants respectfully submit this brief response to the arguments raised with plaintiffs' recent submission of the opinion in *Ries v. Arizona Beverages USA LLC*, No. 10-01139 RS, --- F.R.D. ----, 2012 WL 5975247 (N.D. Cal. Nov. 27, 2012).

First, the facts in *Ries* significantly differ from those before this Court for at least two reasons: (1) plaintiffs in *Ri*es did not seek class certification under Rule 23(b)(3); and (2) unlike the instant case, in which the impact of defendants' statements concerning vitaminwater varies from person to person, the truth or falsity of the statement, "All Natural," turns on whether the addition of high fructose corn syrup and citric acid allows Arizona Beverages to make such claims.

Second, plaintiffs argue that only named plaintiffs must have Article III standing. However, once again, a Northern District of California opinion—decided under purported Ninth Circuit law[1]—does not change the fact that this Court is bound by Second Circuit law, which requires that named plaintiffs *and* all absent class members must have Article III standing. *Denney v. Deutsche Bank AG*, 443 F.3d 252, 264 (2d Cir. 2006). For this reason alone, class certification should be denied because, as the record demonstrates, all proposed classes include members who lack Article III standing.

Third, plaintiffs argue that proposed class members' "lack of receipts" and different purchasing motivations do not defeat class certification. Again, because plaintiffs in *Ries* sought certification of their proposed class only under Rule 23(b)(2), the court did not fully consider whether the proposed class was ascertainable in the context of

---

[1] Before ultimately relying on *Stearns v. Ticketmaster*, 655 F.3d 1013, 1021 (9th Cir. 2011), the court in *Ries* acknowledged that "[t]he law concerning whether [absent class members] must satisfy Article III standing is muddled—even within [the Northern District of California]." *Ries*, 2012 WL 5975247, at *11. For example, earlier this year, the Ninth Circuit explicitly stated that "[n]o class may be certified that contains members lacking Article III standing." *Mazza v. Am. Honda Motor Co.*, 666 F.3d 581, 594-96 (9th Cir. 2012) (citing *Denney*, 443 F.3d at 264); *see also Sanders v. Apple, Inc.*, (672 F. Supp. 2d 978, 991 (N.D. Cal. 2009) (class cannot include those who lack Article III standing, such as those who did not see or were not deceived by advertisements and those who suffered no damages).

Geneva
Houston
Kansas City
London
Miami
Orange County
San Francisco
Tampa
Washington, D.C.



www.shb.com

December 10, 2012
Page 2

Rule 23(b)(3). Unlike a mandatory (b)(2) class, which does not require notice and precludes class members from opting out, a 23(b)(3) class must receive "the best notice that is practicable under the circumstances" so they may opt out at their option. *See Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2558-59 (2011) (procedural protections attending a 23(b)(3) class are missing from 23(b)(2)). Similarly, the *Ries* court did not analyze whether plaintiffs satisfied Rule 23(b)(3)'s predominance requirement. *See* 2012 WL 5975247, at *18 ("[T]here is no need 'to undertake a case-specific inquiry into whether class issues must predominate or whether class action is the superior method of adjudicating the dispute' under subsections of Rule 23(b)."). Here, the individualized inquiries necessary to identify potential class members and to analyze varying purchasing motivations and beliefs concerning vitaminwater demonstrate that common questions of fact do not predominate. *See In re Initial Public Offerings Sec. Litig.*, 471 F.3d 24, 44-45 (2d Cir. 2006) (individual determinations needed to identify class members supported court's finding that common facts did not predominate); *Mazza*, 666 F.3d at 594-96 (class members' exposure "to quite disparate information from various representatives of the defendant" precluded a presumption of reliance; thus common questions did not predominate). For these reasons also, class certification should be denied.

Finally, the *Ries* court wrongly certified an injunctive and declaratory relief class. As plaintiffs acknowledge, the court refused to certify plaintiffs' claims for "restitution, refund, reimbursement and disgorgement" under Rule 23(b)(2). *See Ries*, 2012 WL 5975247, at *18 (finding that monetary relief predominated despite plaintiffs' claim that their pursuit of monetary damages was secondary to their request for corrective advertising and cessation of deceptive labeling). Because the *Ries* plaintiffs did not seek certification under Rule 23(b)(3), the court's refusal to certify the monetary claims should have ended its analysis and class certification should have been denied. *See Dukes*, 131 S. Ct. at 2561 (Ginsburg, J., concurring) (emphasizing that where a complaint seeks both non-incidental monetary damages and injunctive relief, the only appropriate course is to determine whether the class can be certified under Rule 23(b)(3)). Instead, the court created a no-opt-out injunction class that potentially modifies through Rule 23 the substantive rights of absent class members with monetary claims, in violation of the Rules Enabling Act and Due Process—the very harms that the Supreme Court has cautioned courts to avoid. *Dukes*, 131 S. Ct. at 2559-61; *see also In re Methyl Tertiary Butyl Ether Prods. Liab. Litig.*, 209 F.R.D. 323, 338-340 (S.D.N.Y. 2002) (class representatives who abandoned personal injury and property claims to pursue only injunctive relief, thereby potentially precluding absent class members from bringing such claims, were inadequate); *Feinstein v. Firestone Tire & Rubber Co.*, 535 F. Supp. 595, 606-07 (S.D.N.Y. 1982) (willingness to forego claims and impermissibly risk splitting causes of action rendered class representatives inadequate). Plaintiffs cannot use Rule 23(b)(2) as an end-run around Rule 23(b)(3); class certification should be denied.

Sincerely,
/s/
Tammy B. Webb

Geneva
Houston
Kansas City
London
Miami
Orange County
Philadelphia
San Francisco
Tampa