## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement is entered into as of September 29, 2015, by and between Plaintiffs,[1] in their individual capacities and on behalf of the putative Settlement Class, and The Coca-Cola Company and Energy Brands, Inc. (d/b/a Glaceau) (collectively, "Defendants"), and is subject to the approval, pursuant to Rule 23 of the Federal Rules of Civil Procedure, of the Court.

## RECITALS

1.      WHEREAS, TCCC, by and through its wholly-owned subsidiary Glaceau, manufactures, markets, distributes, promotes and/or sells **vitamin**water brand beverages (the "Product").

2.      WHEREAS, Batsheva Ackerman, purportedly on behalf of herself and the New York Class filed a putative class action in United States District Court for the Eastern District of New York on January 29, 2009, alleging statutory and common law causes of action for unfair and deceptive trade practices, breach of express and implied warranty, unjust enrichment, and intentional and negligent misrepresentation against Defendants in connection with Defendants' labeling, marketing, promotion, and sales of the Product, which lawsuit is currently pending as *Ackerman v. The Coca-Cola Co.*, No. 09-cv-00395-DLI-RML (E.D.N.Y.).

3.      WHEREAS, Batsheva Ackerman, purportedly on behalf of herself and the New York Class, and Ruslan Antonov, James Koh, and Jerrad Pelkey, purportedly on behalf of themselves and the California Class, filed the First Amended Complaint on May 26, 2009, alleging, on behalf of the California Class, statutory causes of action for unlawful, unfair, and fraudulent business practices, misleading and untrue advertising, and violation of consumer legal

---

[1]   Capitalized terms shall have the meaning ascribed to them in the Definitions Section I below.

remedies, and on behalf of the New York Class, a statutory cause of action for unfair and deceptive trade practices, and on behalf of both the New York and the California Classes, common law causes of action for breach of express and implied warranties, misrepresentation, and unjust enrichment.

4.      WHEREAS, Batsheva Ackerman, Ruslan Antonov, James Koh, Jerrad Pelkey, purportedly on behalf of themselves and the New York and California Classes filed the Second Amended Complaint on October 26, 2009, alleging, on behalf of the California Class, statutory causes of action for unlawful, unfair, and fraudulent business practices, misleading and untrue advertising, and violation of consumer legal remedies, and on behalf of the New York Class, statutory causes of action for unfair and deceptive trade practices, and on behalf of both the New York and the California Classes, common law causes of action for misrepresentation and unjust enrichment.

5.      WHEREAS, the *Ackerman* Second Amended Complaint also named as plaintiffs two New Jersey residents, and included the claim that Defendants' practices violated New Jersey law, but those claims are no longer live in the *Ackerman* Action.

6.      WHEREAS, the *Ackerman* Second Amended Complaint also asserted common law claims for breach of warranties, but those claims were dismissed in *Ackerman v. The Coca-Cola Company*, No. CV-09-0395, 2010 WL 2925955 (E.D.N.Y. July 21, 2010).

7.      WHEREAS, Juliana Ford, purportedly on behalf of herself and the California Class filed a complaint in the U.S. District Court for the Northern District of California on April 15, 2011, alleging statutory and common law causes of action for unlawful business practices, misrepresentation, and violation of consumer legal remedies, which complaint was transferred to

the U.S. District Court for the Eastern District of New York, where it is currently pending as *Ford v. The Coca-Cola Co.*, No. 11-cv-02355-DLI-RML (E.D.N.Y.).

8. WHEREAS, pursuant to the order of the Judicial Panel on Multidistrict Litigation on February 8, 2011, and pursuant to a further order of May 17, 2011, the Actions were joined for proceedings in the U.S. District Court for the Eastern District of New York, in the coordinated proceeding pending as *In re Glaceau Vitaminwater Marketing & Sales Practice Litigation*, Case No. 1:11-md-02215-DLI-RML.

9. WHEREAS, by stipulation dated March 15, 2012, Jerrad Pelkey voluntarily dismissed his claims with prejudice.

10. WHEREAS, Class Counsel in the Actions filed a motion for class certification on June 29, 2012.

11. WHEREAS, Class Counsel and counsel for Defendants argued the class certification motion on October 11, 2012, and the motion was fully submitted as of that date.

12. WHEREAS, on July 18, 2013, Magistrate Judge Robert Levy of the U.S. District Court for the Eastern District of New York recommended that class certification should be denied as to Plaintiffs' monetary claims, to which recommendation Plaintiffs did not object, and granted as to Plaintiffs' injunctive relief claims, to which recommendation Defendants objected.

13. WHEREAS, Plaintiffs, by and through Class Counsel, conducted an extensive investigation into the facts and law relating to the matters alleged in the Actions, including (i) label design and product formulation; (ii) the marketing and advertising of the Product; and (iii) sales and pricing data, which investigation included extensive pretrial discovery, depositions of six fact and expert witnesses and defense of nine fact witness depositions together with or through other counsel in the MDL, review of two stipulations by Defendants regarding labeling

and marketing statements made in connection with the Product, several litigated discovery disputes, which included conferences with Defendants' counsel and the court, interviews of putative class members, the evaluation of documents and information provided by Defendants, as well as legal research as to the sufficiency of the claims and appropriateness of class certification.

14. WHEREAS, Class Counsel and counsel for Defendants, following preliminary correspondence and discussions over telephone and email, engaged in numerous detailed settlement negotiations, with the assistance of the Honorable Robert M. Levy of U.S. District Court of the Eastern District of New York, and the Honorable Richard J. Holwell (Ret.) of Holwell Shuster & Goldberg LLP and continued their negotiations thereafter and up to the execution of this Settlement Agreement. As a result of those negotiations and the efforts of Class Counsel in prosecuting the Actions, Defendants, Plaintiffs in their individual capacities and as Class Representatives, Class Counsel, and counsel for Defendants, have agreed to settle this Action pursuant to the provisions of this Settlement Agreement after considering such factors as: (a) the substantial benefits to the Settlement Class under the terms of this Settlement Agreement; (b) the attendant costs, risks, and uncertainty of litigation, including trial and potential appeals; (c) the distraction and diversion of personnel and resources as a result of continuing litigation; and (d) the desirability of consummating this Settlement Agreement promptly.

15. WHEREAS, Defendants acknowledge that the New York and California Actions were a precipitating cause of Defendants' agreement to the Labeling and Marketing statements listed in paragraph 35(a), below, prior to the execution of this Settlement Agreement.

16.     WHEREAS, the Parties and their counsel negotiated attorneys' fees and costs provided for in Section VIII below after reaching agreement regarding all of the material terms of the Settlement, including the Injunctive Relief provisions of Section V below.

17.     WHEREAS, Defendants have denied and continue to deny each and every allegation asserted by Plaintiffs in the Actions and in the Complaints, do not admit or concede any actual or potential fault, wrongdoing, or liability in connection with any facts or claims that have been or could have been alleged herein, and have denied that the Actions satisfy the requirements to be tried as class actions under Federal Rule of Civil Procedure 23.

18.     WHEREAS, this Settlement Agreement is a product of sustained, arm's length settlement negotiations and the Parties believe that this Settlement Agreement is fair, reasonable, and adequate because, inter alia:  (1) it provides for certification of a Settlement Class; and (2) it provides substantial Injunctive Relief to the Settlement Class in exchange for Settlement Class Members' release of the Released Claims.

19.     WHEREAS, the Parties intend to seek Court approval of this Settlement Agreement as set forth below.

20.     The signatories to this Settlement Agreement agree that the recitals set forth herein are contractual in nature and form a material part of this Settlement Agreement.

## **TERMS AND CONDITIONS**

NOW, THEREFORE, in consideration of the foregoing recitals, without (a) any admission or concession on the part of Plaintiffs of the lack of merit of the Actions or the Claims asserted in the Complaints, or (b) any admission or concession of liability or wrongdoing or the lack of merit of any defense whatsoever by Defendants, it is hereby stipulated and agreed by the undersigned, on behalf of Plaintiffs in their individual capacities and as Class Representatives, the Settlement Class, Class Counsel, Defendants, and counsel for Defendants, that the Action

and all Released Claims of the Settlement Class be settled, compromised, and dismissed on the merits and with prejudice as to Defendants, subject to Court approval as required by Federal Rule of Civil Procedure 23, on the terms and conditions set forth herein:

## I.    **DEFINITIONS**

21.     When used in this Settlement Agreement, unless otherwise specifically indicated, the following terms shall have the meanings set forth below:

a.      "*Ackerman* Action" means the lawsuit currently pending as *Ackerman v. The Coca-Cola Co*., No. 09-cv-00395-DLI-RML (E.D.N.Y.).

b.      "*Ackerman* Second Amended Complaint" means the complaint filed by Batsheva Ackerman, Ruslan Antonov, James Koh, Jerrad Pelkey, purportedly on behalf of themselves and the New York and California Classes on October 26, 2009, in the *Ackerman* Action.

c.      "Actions" means, collectively, the *Ackerman* Action and the *Ford* Action.

d.      "Claim" and "Claims" mean all claims, demands, actions, suits, causes of action, allegations of wrongdoing and liabilities asserted by Plaintiffs, individually and as Class Representatives, in the *Ackerman* Second Amended Complaint and the *Ford* Complaint, not otherwise dismissed or omitted.

e.      "Class Representative" means one or more of the Plaintiffs, as individual claimant(s) who seek(s) to represent one of the Settlement Subclasses for purposes of this Settlement Agreement.

f.      "Class Settlement Website" means the Internet website to be established by the Notice Administrator, as part of the Notice Plan as set forth in Section IV, below.

g.    "Class Counsel" shall mean, collectively, Michael R. Reese of Reese LLP, Deborah Clark-Weintraub of Scott+Scott, Attorneys at Law, LLP, and Maia Kats of the Center for Science in the Public Interest.

h.    "Complaints" means the *Ackerman* Second Amended Complaint and the *Ford* Complaint.

i.    "Court" or "Eastern District of New York" means the United States District Court for the Eastern District of New York, where the Actions are pending.

j.    "Days," unless specified as "business days," means all calendar days, including Saturdays, Sundays, and legal holidays, but if the last day of a period is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.

k.    "Effective Date" means the date on which all appellate rights with respect to the Final Approval Order and Judgment have expired or have been exhausted in such a manner as to affirm the Final Approval Order and Judgment, and when no further appeals are possible, including review by the United States Supreme Court.

l.    "Final Approval Hearing Date" means the hearing date set by the Court for the final approval of the Settlement Agreement.

m.    "Final Approval Order and Judgment" or "Final Judgment" shall have the meaning assigned in Section VII of the Settlement Agreement.

n.    "Flavor" means the Product's flavor featured on the Product's Labeling, e.g., dragonfruit.

o.    "*Ford* Action" means the lawsuit currently pending as *Ford v. The Coca-Cola Co.*, No. 11-cv-02355-DLI-RML (E.D.N.Y.).

p.      "*Ford* Complaint" means the complaint filed by Juliana Ford, purportedly on behalf of herself and the California Class on April 15, 2011, in the *Ford* Action.

q.      "Glaceau" means Energy Brands, Inc. (d/b/a Glaceau).

r.      "Injunctive Relief" means the injunctive relief to which the Parties have agreed to in Section V, below.

s.      "Labeling" means the labeling of the Product, including the Principal Display Panel, as defined in paragraph ff below, and the information display panel as defined by 21 C.F.R. § 101.2, as in effect as of the Effective Date.

t.      "Long Form Notice" means the longer form of notice to the Settlement Class under the Notice Plan, as further described in Section IV, below.

u.      "Marketing" means the advertising, marketing, and promotion of the Product, including but not limited to print, television, radio and internet advertising, except as would constitute Labeling.

v.      "MDL" shall mean the proceedings currently pending as *In re Glaceau Vitaminwater Marketing & Sales Practice Litigation*, Case No. 1:11-md-02215-DLI-RML (E.D.N.Y.).

w.      "Notice" means the forms of notice, attached as Exhibits C and D, or such other form as may be approved by the Court, as applicable, which informs the Settlement Class Members of:  (i) the certification of the Action for settlement purposes; (ii) the dates and locations of the Final Approval Hearing Date; and (iii) the elements of the Settlement Agreement.

x.      "Notice Administrator" means Angeion Group.

y.      "Notice Date" means the first date upon which the Class Notice is disseminated.

z.      "Notice Plan" means the plan for providing Notice of this Settlement to the Settlement Class Members, as set forth in Section IV below.

aa.     "Objection Date" means the date by which Settlement Class Members must file any written objection or opposition to the Settlement Agreement or any part or provision thereof in the Court, as set forth in Section IV below.

bb.     "Parties" means Plaintiffs and Defendants, each a "Party".

cc.     "Person" or "Persons" means all persons and entities (including, without limitation, natural persons, firms, corporations, limited liability companies, joint ventures, joint stock companies, unincorporated organizations, agencies, bodies, associations, partnerships, limited liability partnerships, trusts, and their predecessors, successors, administrators, executors, heirs and assigns).

dd.     "Plaintiffs" means Batsheva Ackerman, in her individual capacity and as Class Representative of the New York Class, and Ruslan Antonov, James Koh, and Juliana Ford, in their individual capacities and as Class Representatives of the California Class.

ee.     "Preliminary Approval" and "Preliminary Approval Order" mean the Court's Order Preliminarily Certifying a Settlement Class, Preliminary Approval of Proposed Settlement, Approving and Directing Notice Plan, Appointing Notice Administrator, and Appointing Class Representatives and Class Counsel, in substantially the same form as Exhibit B.

ff.     "Principal Display Panel" shall have the meaning assigned to it by 21 C.F.R. § 101.1, as in effect as of the Effective Date.

gg.     "Product Name" means the name of the Product featured on the Product's Labeling, e.g., power-c.

hh.     "Released Claims" shall mean those Claims that the Settlement Class Members are releasing, as set forth in Section VI below.

ii.     "Released Parties" shall be defined and construed as broadly as possible to effectuate a complete and comprehensive release of the Released Claims, and shall mean Defendants, as well as their respective past, present, and future predecessors, successors, and assigns, the past, present, and future, direct and indirect, parents, subsidiaries, divisions, corporate affiliates, or associates of any of the above; and the past, present, and future members, principals, partners, officers, directors, trustees, control persons, employees, agents, attorneys, shareholders, advisors, insurers and representatives of the above, and any and all entities and individuals that are alleged to have handled, distributed, purchased for resale and/or redistribution, supplied, manufactured and/or sold or offered for sale the Product.

jj.     "Releasing Parties" shall include Plaintiffs and all Settlement Class Members, and each of their respective heirs, executors, representatives, agents, legal representatives, assigns, and successors.

kk.     "Settlement Agreement" means this Settlement Agreement and Release, including its Exhibits.

ll.     "Settlement Class" or "Settlement Class Members" means the Class as defined in Section III below, comprised solely of the Settlement Subclasses.

mm.     "Settlement Subclasses" means, collectively, the New York Class and the California Class, as defined in Section III below, and each a "Settlement Subclass".

nn.     "Summary Notice" means the shorter form of the notice to the Settlement Class under the Notice Plan, as further described in Section IV below.

oo.     "TCCC" means The Coca-Cola Company.

pp.     "**vitamin**water" means the **vitamin**water product line manufactured and distributed by Glaceau, including any and all of the **vitamin**water flavors currently and/or previously manufactured, marketed, distributed or sold by Glaceau.  For the avoidance of doubt, "**vitamin**water" does not include the low calorie product lines manufactured and distributed as "**vitamin**water 10" and  "**vitamin**water zero," the sparkling energy beverage "**vitamin**water energy," or any other product manufactured, marketed, distributed or sold by Defendants.

## II.     MOTION FOR PRELIMINARY APPROVAL

22.     Within fourteen (14) days after the signing of this Settlement Agreement, Class Counsel shall file with the Court a Motion for Preliminary Certification of Settlement Class, Preliminary Approval of Settlement, Approval of Notice of Plan and Notice Administrator and Appointment of Class Representatives and Class Counsel that seeks entry of an order substantially similar to the proposed order attached hereto as Exhibit B, which would, for settlement purposes only:

a.     certify a tentative Settlement Class under Federal Rule of Civil Procedure 23(b)(2) composed of the Settlement Class Members;

b.     preliminarily approve this Settlement Agreement;

c.     approve the proposed Notice Plan and notice in forms substantially similar to those attached hereto as Exhibits C and D;

d.     appoint the Notice Administrator;

e.      appoint Batsheva Ackerman as Class Representative of the New York Class and Ruslan Antonov, James Koh, and Juliana Ford as Class Representatives of the California Class; and

f.      appoint Class Counsel.

## III.    <u>CERTIFICATION OF SETTLEMENT CLASS</u>

23.     For purposes of settlement only, and upon the express terms and conditions set forth in this Settlement Agreement, Plaintiffs and Defendants agree to seek certification of a mandatory Settlement Class in the Action pursuant to Federal Rule of Civil Procedure 23(b)(2) as follows:

a.      The Settlement Class shall consist of the following two statewide Settlement Subclasses:

(i)      **New York Class**:   All New York residents who purchased **vitamin**water within New York state at any time from January 20, 2003, up to and including the Notice Date.

(ii)     **California Class**:   All California residents who purchased **vitamin**water at any time from January 15, 2005, up to an including the Notice Date.

b.      Officers and directors of Defendants, members of the immediate families of the officers and directors of Defendants, and their legal representatives, heirs, successors, or assigns and any entity in which they have or have had a controlling interest are excluded from the Settlement Class definition.

24. **No Right to Opt Out**

a.     Because the Settlement Class is being certified as a mandatory class under Federal Rule of Civil Procedure 23(b)(2), Settlement Class Members shall not be permitted to opt out of the Settlement Class.

25. **Class Certified for Settlement Purposes Only**

a.     Defendants' agreement to seek a Settlement Class under Federal Rule of Civil Procedure 23(b)(2) is for settlement purposes only.

b.     Nothing in this Settlement Agreement shall be construed as an admission by Defendants that the Actions or any similar case is amenable to class certification for trial purposes.   Furthermore, nothing in this Settlement Agreement shall prevent Defendants or Plaintiffs from opposing or supporting class certification or seeking vacatur of any order conditionally certifying a Settlement Class if final approval of this Settlement Agreement is not obtained, or not upheld on appeal, including review by the United States Supreme Court, for any reason.

## IV.     SETTLEMENT CLASS NOTICE AND OBJECTION DATE

26.     Because this Settlement Agreement contemplates certification of a class comprised of Settlement Class Members under Federal Rule of Civil Procedure 23(b)(2), individual notice is not required and will not be sent by the Parties.  Plaintiffs, Defendants, and the Notice Administrator have developed a Notice Plan, as detailed below.  The Parties will recommend to the Court this Notice Plan, which will be administered by an experienced and highly-qualified Notice Administrator.

27.     **Notice Plan**

a.      The Notice Plan will employ the following different methods for circulating information about the settlement to Settlement Class Members:

(i)      Publication of the Summary Notice in the USA Today, starting within 15 days of the Court's Order granting Preliminary Approval;

(ii)     a multi-platform Facebook campaign, starting within 15 days of the Court's Order granting Preliminary Approval; and

(iii)    a Class Settlement Website established within 15 days of Preliminary Approval that contains the Preliminary Approval Order, the Summary Notice, the Long Form Notice, the Settlement Agreement, and other relevant information regarding the Court-approval process.

28.     **Court Appointment and Retention of Notice Administrator**

a.      At the Preliminary Approval hearing, the Parties will propose that the Court appoint Angeion Group as Notice Administrator.  The Notice Administrator will facilitate the notice process by assisting the Parties in the implementation of the Notice Plan.

29.     **Class Settlement Website**

a.      The Notice Administrator will create and maintain the Class Settlement Website, to be activated within 15 days of Preliminary Approval.  The Notice Administrator's responsibilities will also include securing an appropriate URL, such as www.nycavitaminwaterclassactionsettlement.com.

b.      The Class Settlement Website will post the settlement documents and case-related documents such as the Settlement Agreement, the Summary Notice, the Long Form Notice, and the Preliminary Approval Order.  In addition, the Class Settlement Website will

include procedural information regarding the status of the Court-approval process, such as an announcement of the Final Approval Hearing Date, when the Final Approval Order and Judgment has been entered, and when the Effective Date has been reached.

c.     The Class Settlement Website will terminate (be removed from the internet) and no longer be maintained by the Notice Administrator after (i) six (6) months from the date of its creation (i.e., the launch of the Class Settlement Website), or (ii) thirty (30) days after either (a) the Effective Date of the Settlement or (b) the date on which the Settlement Agreement is terminated or otherwise not approved by a court, whichever is later.  The Notice Administrator will then transfer ownership of the URL to Defendants.

30.     **Long Form Notice**

a.     The Parties have agreed that they will jointly recommend the Long Form Notice, substantially in the form attached as Exhibit D, to the Court for approval.  The Long Form Notice is designed to provide comprehensive and easily understandable notice of the terms of the Settlement Agreement.  The Long Form Notice shall be posted on the Class Settlement Website as provided by paragraph 29(b) above.

31.     **Summary Notice and Publication Program**

a.     The Parties have agreed that they will jointly recommend the Summary Notice, substantially in the form attached as Exhibit C, to the Court for approval.  The Summary Notice is designed to provide the Settlement Class Members material information about the class-action settlement and direct them to the Long Form Notice posted on the Class Settlement Website.  As stated in paragraph 29(b) above, the Summary Notice (or an active hyperlink to the Summary Notice) will be placed on the Class Settlement Website.  The Summary Notice (or the hyperlink) will not be removed from this website earlier than (i) six (6) months from the date of

its creation (i.e., placement on the website) or (ii) thirty (30) days after either (a) the Effective Date of the Settlement or (b) the date on which the Settlement Agreement is terminated or otherwise not approved by a court, whichever is later.

32. **CAFA Notice**

a. The Parties agree that the Notice Administrator shall serve notice of the settlement (via Federal Express) that meets the requirements of CAFA, 28 U.S.C. § 1715, on the appropriate federal and state officials no later than 10 days after the filing of this Settlement Agreement with the Court.

33. **Costs**

a. The cost of the above Notice Plan (with the exception of notice provided on Class Counsel web sites) shall be paid by Defendants. Class Counsel will not advocate for content or methods of notice beyond what has been agreed upon above.

## V. INJUNCTIVE RELIEF PROVISIONS

34. Defendants shall begin to implement the Injunctive Relief within three (3) months from the Effective Date and shall complete the implementation of the Injunctive Relief within twenty-four (24) months from the Effective Date.

35. Subject to the terms and conditions of this Settlement Agreement, Plaintiffs and Defendants have agreed to move jointly for the Court to enter, as part of the Final Approval Order and Judgment, an injunction applicable to Defendants. The injunctive relief provision of the Final Approval Order and Judgment shall enjoin Defendants as follows:

a. Defendants shall place the words "with sweeteners" on the two panels of the Labeling other than the Nutrition Facts panel. The words "with sweeteners" shall appear next to the name "**vitamin**water" and below the Product Name and the Flavor. The font size and

clarity of the words "with sweeteners" shall be the same as the font size and clarity of the words "flavored + other natural flavors."  A representative but non-exclusive sample of such labeling is reflected in Exhibit A.  The words "with sweeteners" and "flavored + other natural flavors" shall appear in a font size no smaller in relationship to the font size of the Product Name and the Flavor than as reflected in Exhibit A.

        (i)     Notwithstanding the requirements of paragraph 35(a) above, Defendants may design their Labeling for limited-time promotions (e.g., contests, seasonal sports, concert series, etc.) of less than three (3) months in duration, so long as the words "with sweeteners" remain displayed as described on the Principal Display Panel.  This exception shall be limited to three such promotions.

        b.     Defendants shall state the amount of calories per bottle of the Product on the Principal Display Panel of the Product.

        c.     For as long as Defendants display a panel on the Product designating the Product as "excellent source" of certain nutrients, Defendants shall display in bold type the following statement immediately below that panel:  "see nutrition facts for more detail".

        d.     Defendants shall not use the following statements on Labeling and Marketing of the Product:

        (i)     "vitamins + water = what's in your hand";

        (ii)     "vitamins + water = all you need";

        (iii)     "made for the center for responsible hydration," provided nothing herein prevents the use of the word "hydration" in the marketing of the Product when not included in this precise phrase;

(iv)  "this combination of zinc and fortifying vitamins can . . . keep you healthy as a horse";

(v)  "specially formulated to support optimal metabolic function with antioxidants that may reduce the risk of chronic diseases and vitamins necessary for the generation and utilization of energy from food";

(vi)  "specially formulated to provide vitamin [A] (a nutrient known to be required for visual function), antioxidants and other nutrients [that] scientific evidence suggests may reduce the risk of age-related eye disease."

(vii)  "specially formulated with bioactive components that contribute to an active lifestyle by promoting healthy, pain-free functioning of joints, structural integrity of joints and bones, and optimal generation and utilization of energy from food";

(viii)  "specially formulated with nutrients required for optimal functioning of the immune system, and the generation and utilization of energy from food to support immune and other metabolic activities";

(ix)  "specially formulated with [B] vitamins and theanine. The [B] vitamins are there to replace those lost during times of stress (physical and mental). Theanine is an amino acid found naturally in tea leaves and has been shown to promote feelings of relaxation. This combination can help bring about a healthy state of physical and mental being"; and

(x)  "specially formulated with nutrients that enable the body to exert physical power by contributing to structural integrity of the musculoskeletal system, and by supporting optimal generation and utilization of energy from food".

e.     Nothing in this Settlement Agreement shall prevent Defendants from implementing the Injunctive Relief prior to the Effective Date.

f.     The terms and requirements of the Injunctive Relief shall expire the earliest of the following dates:

(i)     For the "with sweeteners" language provided for in paragraph 35(a) above, three years following the Effective Date;

(ii)     For all other injunctive relief requirements provided herein, ten years following the Effective Date;

(iii)     the date upon which there are such changes in the formulation or manufacture of the Product and/or the Product ingredients that would render the labeling and marketing changes required by the Injunctive Relief provisions inaccurate; or

(iv)     the date upon which there are changes to any applicable statute, regulation, or other law that Defendants reasonably believe would require a modification to the Labeling and Marketing of the Product required by the Injunctive Relief provisions in order to comply with the applicable statute, regulation, or law.

g.     Plaintiffs and Class Counsel agree, on behalf of themselves and all Settlement Class Members, that this Settlement Agreement does not preclude Defendants from making further changes to Labeling and Marketing of the Product as Defendants see fit.

## VI.   **RELEASE**

36.     Upon the Effective Date, the Releasing Parties forever release and discharge all injunctive, declaratory, or non-monetary equitable Claims that have been brought by any Settlement Class Member against Released Parties, in any forum in the United States, hereafter referred to as the "Released Claims."

37.     After entering into this Settlement Agreement, the Releasing Parties may discover facts other than, different from, or in addition to, those that they know or believe to be true with respect to the Released Claims.  The Releasing Parties expressly waive and fully, finally, and forever settle and release any known or unknown, suspected or unsuspected, contingent or noncontingent injunctive, declaratory, or equitable Claim, whether or not concealed or hidden, without regard to the subsequent discovery or existence of such other, different, or additional facts.   Specifically, the Releasing Parties expressly, knowingly, and voluntarily waive the provisions of Section 1542 of the California Civil Code, which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

The Releasing Parties expressly, knowingly, and voluntarily waive and relinquish any and all rights and benefits that they may have under, or that may be conferred upon them by, the provisions of Section 1542 of the California Civil Code, or any other law of New York that is similar, comparable, or equivalent to Section 1542, to the fullest extent that they may lawfully waive such rights or benefits pertaining to the Released Claims.  Each of the Plaintiffs expressly acknowledges, and the Settlement Class Members shall be deemed by operation of the Final Approval Order and Judgment to have acknowledged, that the foregoing waiver was separately bargained for and is a material element of the Settlement Agreement and that they been advised by their attorney(s) of the contents and effect of Section 1542.

38.     Upon the Effective Date, each of the Defendants shall forever release and discharge all claims that could have been brought or are ever brought in the future by Defendants against Plaintiffs, in their individual capacity and as Class Representatives, against Settlement Class Members, and against Class Counsel (including known and unknown claims) in any forum

in the United States (including their territories and Puerto Rico), whether known or unknown, asserted or unasserted, under or pursuant to any statute, regulation or common law, that arise out of or relate in any way to the institution, prosecution or settlement of the Claims against Defendants, except for claims relating to the enforcement of this Settlement Agreement.

39.     No default by any Person in the performance of any covenant or obligation under this Settlement Agreement or any order entered in connection therewith shall affect the dismissal of the Actions, the res judicata effect of the Final Approval Order and Judgment, the foregoing releases, or any other provision of the Final Approval Order and Judgment; provided, however, that all other legal and equitable remedies for violation of a court order or breach of this Settlement Agreement shall remain available to all signatories to this Settlement Agreement.

## VII.   ENTRY OF FINAL APPROVAL ORDER AND JUDGMENT

40.     The Parties shall jointly seek entry by the Court of a Final Approval Order and Judgment as soon as is practical that includes provisions:

a.     granting final approval of this Settlement Agreement, and directing its implementation pursuant to its terms and conditions;

b.     ruling on Class Counsel's application for attorneys' fees, costs, and expenses;

c.     enjoining Defendants according to the specific terms in Section V above;

d.     discharging and releasing the Released Parties, and each of them, from the Released Claims;

e.     permanently barring and enjoining all Releasing Parties from instituting, maintaining, or prosecuting, either directly or indirectly, any lawsuit that asserts Released Claims;

      f.       dismissing the Actions with prejudice and without costs; and

      g.      stating pursuant to Federal Rule of Civil Procedure 54(b) that there is no just reason for delay and directing that the Final Approval Order and Judgment is a final, appealable order; and

      h.      reserving to the Court continuing and exclusive jurisdiction over the Parties with respect to the Settlement Agreement and the Final Approval Order and Judgment.

## VIII.   ATTORNEYS' FEES, COSTS AND EXPENSES

41.    In advance of the Objection Date, Class Counsel shall make an application to the Court for an award of all attorneys' fees, costs, and expenses, in the amount of not more than $2,730,000 in the aggregate, to be paid by Defendants.  Defendants shall not oppose or object to the application by Class Counsel for attorneys' fees, costs, and expenses in an amount up to $2,730,000 in the aggregate.

42.    The $2,730,000 award shall include all fees, costs, and expenses for Class Counsel, and any and all Plaintiffs' and Settlement Class Members' counsel (and their employees, consultants, experts, and other agents) who may have performed work in connection with this Action or the other Actions.  Additionally, each of the Class Representatives shall petition the Court for, and Defendants will not oppose, a service award of $5,000.00 each (for a total of $20,000, which is separate and apart from the $2,730,000 referenced in paragraph 41). Regardless of the number of attorneys sharing in the Court's award of attorneys' fees, costs, and other expenses, or the size of any incentive award to the Class Representatives made by the Court, Defendants shall not be required to pay more than, in the aggregate, $2,750,000.

43.    Class Counsel shall distribute attorneys' fees and costs between and among Class Counsel, according to an allocation determined by agreement among Class Counsel.  In no event

will any dispute over such allocation impair the effectiveness of this Settlement Agreement. Under no circumstances will Defendants be liable to Plaintiffs or Class Counsel for any additional sums under this Settlement Agreement.

44.     If the request for an aggregate award of $2,730,000 in attorneys' fees, costs, and expenses is finally approved by the Court and upheld on any appeal, then Defendants shall use their best efforts to pay $2,730,000 via electronic transfer to Class Counsel within seven (7) business days after the Effective Date.  If the aggregate award of attorneys' fees, costs, and other expenses that is ultimately approved and upheld on appeal is less than $2,730,000 as of the Effective Date, then Defendants shall pay Class Counsel the lesser amount awarded via electronic transfer to Class Counsel within seven (7) business days after the Effective Date. If the request for a service award of $5,000 for each of the Class Representatives (for a total of $20,000) is finally approved by the Court and upheld on any appeal, then Defendants shall pay the $20,000 via electronic transfer to an attorney escrow account of Reese LLP within seven (7) business days after the Effective Date.

## IX.     MODIFICATION, TERMINATION, AND EFFECT OF SETTLEMENT

45.     In the event the terms or conditions of this Settlement Agreement, other than terms pertaining to the attorneys' fees, costs, and expenses provided for in Section VIII above, are materially modified by any court, either Party in its sole discretion to be exercised within fourteen (14) days after such a material modification may, but is under no obligation to, declare this Settlement Agreement null and void.  For purposes of this paragraph, material modifications shall be limited to any modifications to the definitions of the Settlement Class, Released Claims, Releasing Parties, Released Parties, or with respect to releases of Plaintiffs and Class Counsel. In the event that a Party exercises its option to withdraw from and terminate this Settlement

Agreement, then the Settlement proposed herein shall become null and void and shall have no force or effect, the Parties shall not be bound by this Settlement Agreement, and the Parties will be returned to their respective positions existing immediately before the execution of this Settlement Agreement.  Notwithstanding the foregoing, in the event this Settlement Agreement is not approved by any court, or the Settlement set forth in this Settlement Agreement is declared null and void, or in the event that the Effective Date does not occur, each Party shall bear its own attorneys' fees and costs and Defendants' payment obligations shall cease.

46.     The failure of the Court or any appellate court to approve in full the request by Class Counsel for attorneys' fees, costs, and other expenses shall not be grounds for Plaintiffs, the Settlement Class, or Class Counsel, to cancel or terminate this Settlement Agreement, and shall not be deemed a material modification under the terms of paragraph 45 above.

47.     If this Settlement Agreement is terminated pursuant to its terms, disapproved by any court (including any appellate court), and/or not consummated for any reason, or the Effective Date for any reason does not occur, the order certifying the Class for purposes of effectuating this Settlement Agreement, and all preliminary and/or final findings regarding that class certification order, shall be automatically vacated upon notice of the same to the Court, this Action shall proceed as though the Class had never been certified pursuant to this Settlement Agreement and such findings had never been made, and this Action shall return to the procedural status quo in accordance with this paragraph.  Class Counsel and Defendants' Counsel shall not refer to or invoke the vacated findings and/or order relating to class settlement in the event this Settlement Agreement is not consummated and any of the Actions are later litigated and contested by Defendants under Rule 23 of the Federal Rules of Civil Procedure.

## X.   MISCELLANEOUS

48.   **Best Efforts to Obtain Court Approval**

a.      Plaintiffs, Defendants, and the Parties' counsel, agree to use their best efforts to obtain Court approval of this Settlement Agreement, subject, however, to the Parties' rights to terminate the Settlement Agreement under Section IX, above.

49.   **No Admission**

a.      This Settlement Agreement, whether or not it shall become final, and any and all negotiations, communications, and discussions associated with it, shall not be:

(i)      offered or received by or against any Person as evidence of, or be construed as or deemed to be evidence of, any presumption, concession, or admission by a Party of the truth of any fact alleged by Plaintiffs or defense asserted by Defendants, of the validity of any Claim that has been or could have been asserted in this Action or the other Actions, or the deficiency of any defense that has been or could have been asserted in this Action or the other Actions, or of any liability, negligence, fault or wrongdoing on the part of Plaintiffs or Defendants;

(ii)      offered or received by or against any Person as a presumption, concession, admission or evidence of the violation of any state or federal statute, law, rule, or regulation or of any liability or wrongdoing by Defendants, or of the truth of any of the Claims, and evidence thereof shall not be directly or indirectly, in any way, (whether in the Actions, or in any other action or proceeding), except for purposes of enforcing this Settlement Agreement and the Final Approval Order and Judgment, including, without limitation, asserting as a defense the release and waivers provided herein;

(iii) offered or received by or against any Person as evidence of a presumption, concession, or admission with respect to a decision by any court regarding the certification of a class, or for purposes of proving any liability, negligence, fault, or wrongdoing, or in any way referred to for any other reason as against Defendants, in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Settlement Agreement; provided, however, that if this Settlement Agreement is approved by the Court, then the signatories to the Agreement may refer to it to enforce their rights hereunder; or

(iv) construed as an admission or concession by Plaintiffs, the Settlement Class or Defendants that the consideration to be given in this Settlement Agreement represents the relief that could or would have been obtained through trial in the Actions.

50. **Administrative Costs**

a. Except as provided in Sections IV (Notice), and VIII (Attorneys' Fees, Costs, and Expenses), above, each of Plaintiffs and Defendants shall be solely responsible for his, her, or its own costs and expenses.

51. **Taxes**

a. Class Representatives and Class Counsel shall be responsible for paying any and all federal, state, and local taxes due on any payments made to them pursuant to the Settlement Agreement.

52. **Public Statements**

a. Plaintiffs, and Class Counsel acting on their behalf, will limit their press release regarding the Settlement or the Actions to the press release attached here as Exhibit E.

Any other public statements by Plaintiffs, or Class Counsel on their behalf, regarding the Settlement or the Actions (including but not limited to statements in response to press inquiries or on social media) must be consistent in substance and in tone with the agreed on press release.  Nothing herein shall be interpreted to restrict Class Counsel from practicing law, consistent with applicable rules and laws.  Defendants will limit their public statements about the Settlement or Actions, if any, to statements of relief about resolving a protracted litigation.

53.     **Complete Agreement**

a.      This Settlement Agreement is the entire, complete agreement of each and every term agreed to by and among Plaintiffs, the Settlement Class, Defendants, and Class Counsel.  In entering into this Settlement Agreement, no party to the Agreement has made or relied on any warranty or representation not specifically set forth herein.   This Settlement Agreement shall not be modified except by a writing executed by all the parties hereto.  No extrinsic evidence or parol evidence shall be used to interpret this Settlement Agreement.  Any and all previous agreements and understandings between or among the parties to this Settlement Agreement regarding the subject matter of this Agreement, whether written or oral, are superseded and hereby revoked by this Agreement.  The parties to this Settlement Agreement expressly agree that the terms and conditions of this Agreement will control over any other written or oral agreements.

54.     **Headings for Convenience Only**

a.      The headings in this Settlement Agreement are for the convenience of the reader only and shall not affect the meaning or interpretation of this Settlement Agreement.

55.     **Severability**

a.      In the event that any provision hereof becomes or is declared by a court of competent jurisdiction to be illegal, unenforceable or void, this Settlement Agreement shall continue in full force and effect without said provision, subject, however, to the parties' rights to terminate the Agreement under Section IX, above.

56.      **No Party Is the Drafter**

a.      None of the parties to this Settlement Agreement shall be considered the primary drafter of this Settlement Agreement or any provision hereof for the purpose of any rule of interpretation or construction that might cause any provision to be construed against the drafter.

57.      **Binding Effect**

a.      This Settlement Agreement shall be binding according to its terms upon, and inure to the benefit of Plaintiffs, the Settlement Class, Defendants, the Releasing Parties, the Released Parties, as defined in Section I above, and any additional successors and assigns.

58.      **Authorization to Enter Settlement Agreement**

a.      Each of the undersigned Class Counsel represents and warrants that he or she is fully authorized to conduct settlement negotiations with counsel for Defendants on behalf of the Settlement Class and the Plaintiffs and Class Representatives, and to enter into, and to execute, this Settlement Agreement on behalf of the Settlement Class and the Plaintiffs and Class Representatives, subject to Court approval pursuant to Federal Rule of Civil Procedure 23(e).

59.   **Execution in Counterparts**

a.    The Parties may execute this Settlement Agreement in counterparts, and the execution of counterparts shall have the same effect as if all parties had signed the same instrument.   Facsimile signatures shall be considered as valid signatures.   This Settlement Agreement shall not be deemed executed until signed by Class Counsel and Defendants.

60.   **Settlement Notice**

a.    Except for the Notice Plan, as provided for in Section IV above, all other notices or formal communications under this Settlement Agreement shall be in writing and shall be given (i) by hand delivery; (ii) by registered or certified mail, return receipt requested, postage prepaid; or (iii) by Federal Express or similar overnight courier to counsel for the Party to whom notice is directed at the following addresses:

For Plaintiffs and Settlement Class:

Michael R. Reese
REESE LLP
100 West 93rd Street,  16th Floor
New York, New York 10025

and

Deborah Clark-Weintraub
SCOTT + SCOTT ATTORNEYS AT LAW, LLP
The Chrysler Building
405 Lexington Avenue, 40th Floor
New York, New York 10174

and

Maia Kats
Center for Science in the Public Interest
1220 L St, NW, Ste. 300
Washington, DC  200005

For Defendants:

> Shon Morgan
> QUINN EMANUEL URQUHART &  SULLIVAN, LLP
> 865 S. Figueroa Street, 10th Floor
> Los Angeles, California 90017

61. Counsel may designate a change of the person to receive notice or a change of address, from time to time, by giving notice to all Parties in the manner described in this Section.

62. **Governing Law**

a. The terms and conditions within this Settlement Agreement shall be construed and enforced in accordance with, and shall be governed by, the laws of the State of New York, without regard to any applicable choice of law or conflicts rules.

b. The Court shall retain continuing and exclusive jurisdiction over the Parties with respect to the Settlement Agreement and the Final Approval Order and Judgment.

63. **Interpretation**

a. As used in this Settlement Agreement, the masculine, feminine or neuter gender, and the singular or plural number, shall each be deemed to include the others wherever the context so indicates.

64. **Confidentiality**

a. All proprietary or confidential documents or information that have been previously provided to Class Counsel or Plaintiffs, as of the Effective Date of this Agreement, including under the Stipulated Protective Order entered in the MDL as of December 1, 2010, shall be destroyed, as provided for in that Order, with certification of the destruction to be provided to the producing party within sixty (60) days of the Effective Date.

65.    **Compliance With Fed.R.Civ.P. 11**

a.    Defendants agree that the Actions were filed and litigated in compliance with Fed.R.Civ.P. 11.

IN WITNESS WHEREOF, the Parties hereto, through their fully authorized representatives, have executed this Settlement Agreement as of the date first herein written.

**[remainder of page intentionally left blank]**

**Class Counsel**

By: _Michael R. Reese_   Date: _September 30, 2015_
Michael R. Reese
REESE LLP
100 West 93rd Street, 16th Floor
New York, New York 10025
(212) 643-0500 – Telephone
(212) 253-4272 – Facsimile
mreese@reesellp.com

By: _____   Date: _9/30/2015_
Deborah Clark-Weintraub
SCOTT+SCOTT, ATTORNEYS AT LAW, LLP
The Chrysler Building
405 Lexington Avenue
40th Floor
New York, New York 10174
(212) 223-6444 – Telephone
(212) 223-6334 – Facsimile

By: _____   Date: _9/30/2015_
Maia Kats
CENTER FOR SCIENCE IN THE PUBLIC INTEREST
1220 L St. N.W., Suite 300
Washington, D.C. 20005
(202) 777-8381 – Telephone
(202) 265-4954 – Facsimile
mkats@cspinet.org

*Attorneys for Plaintiffs and the Settlement Class*

**Defendants**

THE COCA-COLA COMPANY

By: _____   Date: _9/29/2015_

Name: RUSSELL S. BONDS

Title: ASSOCIATE GENERAL COUNSEL

ENERGY BRANDS, INC. (D/B/A GLACEAU)

By: _____   Date: 9/29/15

Name: George K. H. Schell

Title: Chief Marketing Counsel

**Defendants' Counsel**

By: _____   Date: 09/29/15

Shon Morgan

QUINN EMANUEL URQUHART & SULLIVAN, LLP

865 S. Figueroa Street, 10th Floor

Los Angeles, California 90017

(213) 443-3000 – Telephone

(213) 443-3100 – Facsimile

shonmorgan@quinnemanuel.com

*Attorneys for Defendants The Coca-Cola Company and Energy Brands, Inc. (d/b/a Glaceau)*

# EXHIBIT A



**power-c**
dragonfruit
flavored + other natural flavors
with sweeteners

GLACÉAU
vitaminwater

ingredients: reverse osmosis water, crystalline fructose, cane sugar, less than 0.5% of: vitamin C (ascorbic acid), citric acid, natural flavors, dragonfruit extract, vegetable juice (color), magnesium lactate and calcium lactate and potassium phosphate (electrolyte sources), taurine, vitamin B5 (calcium pantothenate), zinc gluconate, vitamin B6 (pyridoxine hydrochloride), vitamin B12 (cyanocobalamin), chromium polynicotinate

made for glacéau, new york, ny 10016 • 877-GLACEAU

**power-c**
dragonfruit
flavored + other natural flavors
with sweeteners

due to poor testing, this bottle of dragonfruit will not make you breathe fire

excellent source of c and b vitamins

| 150% | vitamin c |
| 100% | vitamins b5 b6 b12 |
| ✓ | zinc & chromium & 25mg taurine |
| ▣ | electrolytes |

per bottle, see nutrition facts for more details

**nutrient enhanced water beverage**

20 FL OZ (1.25 PT) 591 mL

120 CALORIES PER BOTTLE

**Nutrition Facts**
Serving Size 1 Bottle

Amount Per Serving
Calories 120

| | % Daily Value* |
|---|---|
| **Total Fat** 0g | 0% |
| **Sodium** 0mg | 0% |
| **Potassium** | † |
| **Total Carbohydrate** 32g | 11% |
| Sugars 32g | |
| **Protein** 0g | |

| Vitamin C | 150% | • | Vitamin B6 | 100% |
| Vitamin B12 | 100% | • | Pantothenic acid | 100% |
| Magnesium | † | Zinc | 25% |
| Chromium | 25% | | |

†Not a significant source of calories from fat, saturated fat, trans fat, cholesterol, dietary fiber, vitamin A, calcium and iron.

*Percent Daily Values are based on a 2,000 calorie diet.

UPC SYMBOL PLACEMENT
7-86162-01000-1

CACRV    CT-HI-ME-OR 5¢ DEP
© 2014 glacéau • 2014-GIXX
PETE
Ⓤ

# EXHIBIT B

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: GLACEAU VITAMINWATER MARKETING AND SALES PRACTICE LITIGATION (NO. II) | Case No. 1:11-md-02215-DLI-RML |
| BATSHEVA ACKERMAN, RUSLAN ANTONOV, and JAMES KOH,<br><br>        Plaintiffs,<br><br>   vs.<br><br>THE COCA-COLA COMPANY and ENERGY BRANDS INC.,<br><br>        Defendants. | Case No. 1:09-cv-00395-DLI-RML<br><br>**[PROPOSED] ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT** |
| JULIANA FORD,<br><br>        Plaintiff,<br><br>   vs.<br><br>THE COCA-COLA COMPANY and ENERGY BRANDS INC.,<br><br>        Defendants. | Case No. 1:11-cv-02355-DLI-RML |

In the above-captioned Actions,[1] Plaintiffs, in their individual capacities and on behalf of all others similarly situated, assert Claims against Defendants The Coca-Cola Company and Energy Brands, Inc. (d/b/a Glaceau).  Defendants have denied each of the Claims asserted against them in the Actions and deny any and all liability.  Plaintiffs maintain that the Claims have merit and that the Court should certify the Settlement Class.

---

[1] Capitalized terms shall have the meaning that the Settlement Agreement ascribes to them in Section I of the Agreement (titled "Definitions") and, as appropriate, elsewhere in the Settlement Agreement.

This Court has now been presented with a Motion for Preliminary Approval of Settlement, Preliminary Certification of Settlement Class, and Approval of Notice Plan, as well as a Settlement Agreement dated September 29, 2015.  The Settlement Agreement was negotiated, and consented to, on behalf of the Parties with the assistance of the Honorable Richard J. Holwell (Ret.) of Holwell Shuster & Goldberg LLP, and the Settlement Agreement resolves the Claims against Defendants arising out of the Actions.  Notice of the proposed settlement has been served on the appropriate federal and state officials pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

Having considered the terms of the Settlement Agreement in light of the issues presented by the pleadings, the record in the Actions, the complexity of the proceedings, and the absence of any evidence of collusion between Plaintiffs and Defendants; being preliminarily satisfied that the Settlement Agreement is fair, reasonable, and consistent with applicable laws; and being satisfied that the proposed Notice of Class Action Settlement is adequate and sufficiently informative as to the terms and effect of the proposed settlement and the conditional certification of the Settlement Class,

IT IS ORDERED THAT:

1.     This Court has jurisdiction over the subject matter of the Actions pursuant to 28 U.S.C. § 1332(d).  This Court also has jurisdiction over all Parties to the Actions, including all members of the Settlement Class, as defined in Paragraph 3, below.

2.     The Settlement Agreement is preliminarily and conditionally approved as a fair, reasonable, and adequate compromise of the risks of the Actions, subject to further consideration at the Final Approval Hearing.[2]  Plaintiffs and Defendants are authorized and directed to take all actions that may be required prior to final approval by the Court of the proposed settlement and compromises set forth in the Settlement Agreement.

3.     For the sole purpose of determining whether the proposed settlement embodied in the Settlement Agreement should be approved as fair, reasonable, and adequate and whether these Actions should be dismissed with prejudice as to Defendants, a Settlement Class is preliminarily and conditionally certified under Rule 23(b)(2) of the Federal Rules of Civil Procedure, upon the express terms and conditions set forth in the Settlement Agreement, as

---

[2] "Final Approval Hearing" means the hearing to take place on the Final Approval Hearing Date.

follows:

3.1     The Settlement Class shall consist of the following two statewide Settlement Subclasses:

    3.1.1   **New York Class**:  All New York residents who purchased **vitamin**water within New York state at any time from January 20, 2003, up to and including the Notice Date.

    3.1.2   **California Class**:  All California residents who purchased **vitamin**water at any time from January 15, 2005, up to and including the Notice Date.

3.2     Officers and directors of Defendants, members of the immediate families of the officers and directors of Defendants, and their legal representatives, heirs, successors, or assigns and any entity in which they have or have had a controlling interest are excluded from the Settlement Class definition.

4.      Solely for purposes of the proposed settlement, Batsheva Ackerman is designated as Class Representative of the New York Class, and Ruslan Antonov, James Koh, and Juliana Ford are designated as Class Representatives of the California Class.

5.      The Court conditionally approves of and appoints Michael R. Reese of Reese LLP, Deborah Clark-Weintraub of Scott+Scott, Attorneys at Law, LLP, and Maia Kats of the Center for Science in the Public Interest to serve as Class Counsel for the Settlement Class, for the purpose of determining whether the Court should approve the proposed settlement embodied in the Settlement Agreement as fair, reasonable, and adequate and whether the Court should dismiss the Actions with prejudice as to Defendants.

6.      If the proposed settlement is not approved or consummated for any reason whatsoever, then the Settlement Class certification established by this Order will be vacated; Plaintiffs, the Settlement Class, and Defendants will return to the status of the claims, defenses, and class certification immediately prior to September 29, 2015, the date on which the proposed settlement was reached; the proposed settlement and all proceedings conducted in connection therewith shall be stricken from the record and shall be without prejudice to the status quo ante rights of Plaintiffs and Defendants.

7.      The Court approves the Long Form Notice of the settlement (attached as Exhibit D to the Settlement Agreement) and the Summary Notice (attached as Exhibit C to the Settlement Agreement).  Dissemination of the Notice as set forth in the Notice Plan satisfies the requirements of due process and the Federal Rules of Civil Procedure.  The Long Form Notice and Summary Notice will be published in accordance with the terms of the Notice Plan set forth in the Settlement Agreement.  Non-substantive changes may be made to the Long Form Notice and Summary Notice by agreement of Plaintiffs and Defendants without further order of this Court.

8.      Angeion Group is appointed as the Notice Administrator.

9.      Class Counsel shall file their motion for attorneys' fees, costs, and expenses prior to _____ _,

201_.  If any motions for incentive awards to Class Representatives are to be made, they shall be filed by _____ _, 201_ [same date].  Defendants shall file any response to any motions filed under this paragraph within 14 days.

10.  A Final Approval Hearing shall be held at _ a.m./p.m. on _____ _, 2016, for the purpose of determining whether the proposed settlement and compromise set forth in the Settlement Agreement shall be approved finally by the Court and whether final judgment dismissing the Actions with respect to Defendants is appropriate.  This hearing will be held at the United States District Court, Eastern District of New York, 225 Cadman Plaza East, Brooklyn, New York 11201, and the Court will consider and determine:

10.1  whether the proposed settlement is fair, reasonable, and adequate to members of the Class and should be approved by the Court;

10.2  whether the proposed Settlement Class satisfies the applicable prerequisites for class action treatment under Federal Rules of Civil Procedure 23(a) and 23(b)(2) for purposes of the proposed settlement;

10.3  whether the Court should enjoin Defendants according to the specific terms in the Settlement Agreement;

10.4  whether the Court should enter Final Judgment dismissing the Actions as to Defendants, on the merits and with prejudice, and to determine whether the release by the Class of the Released Claims, as set forth in the Settlement Agreement, should be provided;

10.5  whether the Court should approve Class Counsel's application for an award of attorneys' fees, expenses, and costs;

10.6  whether the Court should approve any motion for an award of incentive fees for the Class Representatives; and

10.7  such other matters as the Court may deem appropriate.

11.  Any person who wishes to oppose or object to final approval of the settlement and compromise in these Actions shall mail an objection letter to "Objections - Vitaminwater Notice Administrator," c/o Angeion Group, and service of the objection should be effectuated on Class Counsel, counsel for Defendants, and the Court.  Objection letters must be postmarked by _____ _, 201_, and must include all of the following:

11.1  *In re Glaceau Vitaminwater Marketing & Sales Practice Litigation*, Case No. 1:11-md-02215-DLI-RML (E.D.N.Y.);

11.2  The objector's name, address, and telephone number;

11.3  A statement of the objection and a summary of the reasons for the objection;

11.4  Copies of any documents upon which the objection is based; and

4

11.5   A statement of whether the objector or the objector's lawyer will ask to speak at the Final Approval Hearing.

12.   Any person who wishes to appear at the Final Approval Hearing, either in person or through counsel, by _____ _, 201_, in addition to providing the above information shall also:

12.1   Identify the points the objector wishes to speak about at the hearing;

12.2   Enclose copies of any documents the objector intends to rely on at the hearing;

12.3   State the amount of time the objector requests for speaking at the hearing; and

12.4   State whether the objector intends to have a lawyer speak on his or her behalf.

13.   Any lawyer who intends to speak on behalf of an objector at the Final Approval Hearing shall enter a written notice of appearance of counsel with the Clerk of Court no later than _____ _, 201_.  All properly submitted objections shall be considered by the Court.

14.   Any member of the Settlement Class who does not object in the manner set forth above shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, adequacy, or reasonableness of the proposed settlement, the Final Approval Order and Judgment to be entered approving the settlement, the Release of Claims, or the attorneys' fees, costs, expenses, or incentive fees requested.

15.   All proceedings in these Actions, other than such as may be necessary to carry out the terms and conditions of this Order or the responsibilities incidental thereto, are stayed and suspended as between Plaintiffs and Defendants until further order of the Court.

16.   The Court may adjourn the Final Approval Hearing, or any adjournment thereof, without any further notice other than an announcement at the Final Approval Hearing, or any adjournment thereof, and may approve the Settlement Agreement with modifications as approved by the Parties to the Settlement Agreement without further notice to the Settlement Class.

17.   The Court retains exclusive jurisdiction over these Actions to consider all further matters arising out of or connected with the proposed settlement.

SO ORDERED this __ day of _____, 2015.


_____
The Honorable Magistrate Judge
Robert M. Levy
United States District Court
Eastern District of New York

# EXHIBIT C

# LEGAL NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

**This notice concerns you and your legal rights if you live in New York or California and purchased vitaminwater brand beverages in those States.**

### United States District Court for the Eastern District of New York
***In re Glaceau Vitaminwater Marketing & Sales Practice Litigation*, Case No. 1:11-md-02215-DLI-RML**
***Ackerman v. The Coca-Cola Co.*, No. 1:09-cv-00395; *Ford v. The Coca-Cola Co.*, No. 1:11-cv-02355**

There is a proposed settlement between The Coca-Cola Company and Energy Brands, Inc. (d/b/a Glaceau) (together, "Defendants"), who manufacture and distribute **vitamin**water brand beverages, and purchasers of **vitamin**water, who brought class action lawsuits against Defendants relating to **vitamin**water's labeling and marketing in New York and California. Residents of New York who purchased **vitamin**water from January 20, 2003, up to and including [the Notice Date], and residents of California who purchased **vitamin**water from January 15, 2005, up to and including [the Notice Date], in the respective jurisdictions are affected.

## WHAT ARE THE SETTLEMENT TERMS?
Defendants and Plaintiffs have agreed to a settlement that includes changes to the labeling and marketing of **vitamin**water beverages, such that Defendants will affirmatively make certain statements and refrain from making others. All Class Members will receive these benefits equally.

## WHO IS INCLUDED?
This notice applies to you if you are a resident of and purchased **vitamin**water brand beverages in the States of New York or California. **This Notice is just a summary. For more complete information, you should read the Full Notice, which is available at www.nycavitaminwaterclassactionsettlement.com.**

## WHAT ARE THE LAWSUITS ABOUT?
Plaintiffs brought lawsuits against Defendants for alleged deceptive labeling and marketing of **vitamin**water. Defendants deny that **vitamin**water was deceptively labeled or marketed but have agreed to the proposed settlement to resolve these class actions.

## WHAT AM I GIVING UP FOR THIS BENEFIT?
If the settlement is approved by the Court, then you release all injunctive, declaratory, and non-monetary equitable claims concerning **vitamin**water beverage labeling and marketing that were raised in the lawsuits and you cannot bring another lawsuit asserting such claims. It also means that the Court's order will apply to you and bind you even if you have objected. For more details on the terms of the release, please see the Full Notice, which is available at **www.nycavitaminwaterclassactionsettlement.com**.

## WHAT ARE MY OPTIONS?
If you are a Class Member, you can object to the settlement and give reasons why you think the Court should not approve it. The Court will consider your views. To object, you must send a letter saying that you object to the settlement in In re Glaceau Vitaminwater Marketing & Sales Practice Litigation, Case No. 1:11-md-02215-DLI-RML (E.D.N.Y.). Be sure to include your name, address, telephone number, signature, and the reasons why you object to the settlement. You must send your objection by first

class mail to the Notice Administrator, the Court, and to one of the attorneys for the Settlement Class ("Class Counsel") and to the attorneys for Defendants. A list of the attorneys is provided on the Full Notice, available at **www.nycavitaminwaterclassactionsettlement.com**. Your objection must be postmarked no later than ____ __, 201_, or your objection will not be valid and will not be considered by the Court.

You may ask the Court to speak at the hearing on settlement approval. To do so, you must send a letter saying it is your "Notice of Intention to Appear" in In re Glaceau Vitaminwater Marketing & Sales Practice Litigation, Case No. 1:11-md-02215-DLI-RML (E.D.N.Y.). Include your name, address, telephone number, and signature. Your Notice of Intention to Appear must be postmarked no later than _____ __, 201_, and also must be sent to the Clerk of Court, Class Counsel, and Defendants' Counsel at their addresses in the Full Notice. You cannot speak at the hearing if your Notice of Intention to Appear is not timely submitted.

## WILL THE COURT APPROVE THE PROPOSED SETTLEMENT?
The Court granted preliminary approval of the Settlement, and will hold a Final Approval Hearing on _____ __, 2016, in the U.S. District Court for the Eastern District of New York to consider whether the proposed settlement is fair, reasonable, and adequate and to consider Class Counsel's request for attorneys' fees, costs, and expenses.

## WHO REPRESENTS ME?
This Court has appointed Class Counsel to represent the Class. Class Counsel will request the Court to award attorneys' fees, costs, and expenses in an amount to be paid entirely by Defendants not to exceed $2,730,000 for Class Counsel's work on this case. You may hire your own attorney, if you wish, but you will be responsible for that attorney's fees and costs.

## WHERE CAN I OBTAIN MORE INFORMATION?
For more information, you can view the court file in the Clerk's Office at the courthouse address listed on the Notice

and on the settlement website. Please Do Not Contact The Court Or The Clerk Of The Court Concerning This Notice.

**By Order of the Court Dated_____ __, 2015**

**THE HONORABLE ROBERT M. LEVY, U.S. DISTRICT COURT FOR THE EASTERN DISTRICT OF NEW YORK**

# EXHIBIT D

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NEW YORK

*In re Glaceau Vitaminwater Marketing & Sales Practice Litigation*
No. 1:11-md-02215-DLI-RML
*Ackerman v. The Coca-Cola Co*., No. 1:09-cv-00395-DLI-RML
*Ford v. The Coca-Cola Co*., No. 1:11-cv-02355-DLI-RML

**TO ALL RESIDENTS OF THE STATES OF NEW YORK AND CALIFORNIA WHO PURCHASED VITAMINWATER BEVERAGES IN THOSE JURISDICTIONS:**

**READ THIS NOTICE CAREFULLY.**
**YOUR LEGAL RIGHTS MAY BE AFFECTED.**

A settlement has been proposed in class action lawsuits concerning the labeling and marketing of **vitamin**water brand beverages.  This settlement resolves those lawsuits.  It avoids costs and risks from continuing the lawsuits; provides Injunctive Relief to the Settlement Class, and releases Defendants The Coca-Cola Company and Energy Brands, Inc. (d/b/a Glaceau) (collectively, "Defendants") from certain liabilities.  Your legal rights are affected whether you act or do not act.  This Notice explains your rights and options—and it sets out important deadlines.

YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT:

| Object | Write to the Court about why you do not like the settlement. |
|---|---|
| Go to a Hearing | Ask to speak in Court about the fairness of the settlement. |
| Do Nothing | If the settlement is approved by the Court, then you cannot bring a new lawsuit for injunctive, declaratory, or non-monetary equitable relief challenging **vitamin**water labeling and marketing.  You will release all injunctive, declaratory, or non-monetary equitable relief claims that this settlement resolves. |

BASIC INFORMATION

Does this Notice apply to me?

This Notice applies to you if you are a resident of the State of New York or the State of California who purchased **vitamin**water brand beverages (the "Product") in those jurisdictions.  Specifically, residents of New York who purchased **vitamin**water at any time from January 20, 2003, up to and including [the Notice Date], and residents of California who purchased **vitamin**water at any time from January 15, 2005, up to and including [the Notice Date], in those jurisdictions are affected.

What are the lawsuits about?

Plaintiffs in the States of New York and California, on behalf of themselves and other individuals who purchased the Product in those jurisdictions, brought class action lawsuits

against Defendants for alleged deceptive labeling and marketing of the Product.  The Court in charge of the various Actions, which have been joined together in coordinated proceedings as In re Glaceau Vitaminwater Marketing & Sales Practice Litigation, Case No. 1:11-md-02215-DLI-RML (E.D.N.Y.), is the United States District Court for the Eastern District of New York.

Defendants deny that they did anything wrong and believe they would have prevailed at trial, while Plaintiffs believe Plaintiffs would have prevailed at trial.

Why is this a class action?

In a class action, one or more persons called Class Representatives sue for all individuals with similar claims.  All of those individuals are Class Members; together, they are called a Class.  The Court decides the fairness, reasonableness, and adequacy of the settlement for all Class Members.

Why is there a settlement?

The Court did not decide which side was right.  There was no trial.  Plaintiffs and Defendants agreed to the settlement to avoid the costs and risks of a trial.

WHO IS IN THE SETTLEMENT

How do I know if I am part of the settlement?

The Court decided that the following individuals are Class Members: All New York residents who purchased **vitamin**water within New York state at any time from January 20, 2003, up to and including [the Notice Date], as well as all California residents who purchased **vitamin**water at any time from January 15, 2005, up to and including [the Notice Date], except officers and directors of Defendants, members of the immediate families of the officers and directors of Defendants, and their legal representatives, heirs, successors, or assigns and any entity in which they have or have had a controlling interest.

THE SETTLEMENT BENEFITS

What benefits does the settlement provide?

The settlement provides that Defendants will make certain statements and refrain from making other statements on the Product's labeling and marketing (the "Injunctive Relief").  All Class Members will receive this benefit equally.  Specifically, Defendants will place the words "with sweeteners" on the two panels of the Labeling other than the Nutrition Facts panel.  The words "with sweeteners" shall appear next to the name "**vitamin**water" and below the Product Name and the Flavor.  The font size and clarity of the words "with sweeteners" shall be the same as the font size and clarity of the words "flavored + other natural flavors."  Defendants will also state the amount of calories per bottle of the Product on the Principal Display Panel of the Product.  For as long as Defendants display a panel on the Product designating the Product as "excellent source" of certain nutrients, Defendants shall display in bold type the following statement immediately below that panel: "see nutrition facts for more detail".

Defendants will also refrain from using certain statements on the labeling and marketing of the Product, including: "vitamins + water = what's in your hand"; "vitamins + water = all you need"; "made for the center for responsible hydration,"; "this combination of zinc and fortifying vitamins can . . . keep you healthy as a horse"; "specially formulated to support optimal metabolic function with antioxidants that may reduce the risk of chronic diseases and vitamins necessary for the generation and utilization of energy from food"; "specially formulated to provide vitamin [A] (a nutrient known to be required for visual function), antioxidants and other nutrients [that] scientific evidence suggests may reduce the risk of age-related eye disease"; "specially formulated with bioactive components that contribute to an active lifestyle by promoting healthy, pain-free functioning of joints, structural integrity of joints and bones, and optimal generation and utilization of energy from food"; "specially formulated with nutrients required for optimal functioning of the immune system, and the generation and utilization of energy from food to support immune and other metabolic activities"; "specially formulated with [B] vitamins and theanine. The [B] vitamins are there to replace those lost during times of stress (physical and mental). Theanine is an amino acid found naturally in tea leaves and has been shown to promote feelings of relaxation. This combination can help bring about a healthy state of physical and mental being"; and "specially formulated with nutrients that enable the body to exert physical power by contributing to structural integrity of the musculoskeletal system, and by supporting optimal generation and utilization of energy from food".

What am I giving up in exchange for this benefit?

If the settlement is approved by the Court, then you cannot bring a new lawsuit against Defendants to seek changes to Defendants' labeling and marketing of the Product raising the injunctive, declaratory, or non-monetary equitable claims that were raised in the Actions.  It also means that the Court's order will apply to you and bind you even if you have objected and even if you have another claim, lawsuit, or proceeding pending against Defendants.  You will release Defendants from all injunctive, declaratory, or non-monetary equitable claims that this settlement resolves.

Can I exclude myself from the settlement?

No.  The Settlement Class is being certified as a mandatory class under Federal Rules of Civil Procedure 23(b)(2).  Settlement Class Members shall not be permitted to opt out of the Settlement Class.

OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with all or some part of the settlement.

How do I tell the Court that I object to the settlement?

If you are a Class Member, you can object to the settlement and give reasons why you think the Court should not approve it.  The Court will consider your views.  To object, you must send a letter saying that you object to the Settlement in In re Glaceau Vitaminwater Marketing & Sales Practice Litigation, Case No. 1:11-md-02215-DLI-RML (E.D.N.Y.).  Be sure to include your name, address, telephone number, signature, and the reasons why you object to the settlement. You must mail the objection to the following four places and it must be postmarked no later than

_____ __, 201_, or your objection will not be valid and will not be considered by the Court.

Objections – **Vitamin**water Notice

| Administrator | Court |
|---|---|
| Angeion Group | United States District Court Clerk |
| 1801 Market Street, Suite 660 | 225 Cadman Plaza East |
| Philadelphia, Pennsylvania  19103 | Brooklyn, New York  11201 |

| Class Counsel | Defendants' Counsel |
|---|---|
| Michael R. Reese, Esq. | Shon Morgan |
| REESE LLP | QUINN EMANUEL URQUHART & |
| 100 West 93rd Street, 16th Floor | SULLIVAN, LLP |
| New York, New York  10025 | 865 S. Figueroa Street, 10th Floor |
|  | Los Angeles, California  90017 |

THE LAWYERS REPRESENTING YOU

The Court has approved the request of the following law firms to represent you and the other Class Members: Michael R. Reese of Reese LLP, Deborah Clark-Weintraub of Scott+Scott, Attorneys at Law, LLP, and Maia Kats of the Center for Science in the Public Interest.  These lawyers are called Class Counsel.  If you want to be represented by your own lawyer, you may hire one at your expense.

How will the lawyers be paid?

Class Counsel will request the Court for an award of attorneys' fees, costs, and expenses in an amount to be paid entirely by Defendants, which will not exceed $2,730,000 for Class Counsel's work on this case.  The $2,730,000 award shall include all fees, costs, and expenses for Class Counsel, and any and all Plaintiffs' and Settlement Class Members' counsel (and their employees, consultants, experts, and other agents) who may have performed work in connection with the Actions.  The Court will decide whether to award such fees, costs, and expenses and how much to award.

What benefits will the Class Representatives receive from the settlement?

The Class Representatives will receive the same benefits as Class Members, but may get an additional benefit if the Court approves any motions that may be brought for incentive awards to compensate the Class Representatives for their time and to provide incentives for persons in the future to act as Class Representatives.  Specifically, each of the Class Representatives shall petition the Court for, and Defendants will not oppose, a service award of $5,000 each (for a total of $20,000), which is separate and apart from the $2,730,000.  Those motions must be filed by _____ __, 201_.

<u>Are there any limits on the award of attorneys' fees, costs, and expenses or Class Representative incentive awards?</u>

Defendants, and not Class Members, will pay any awards of attorneys' fees, costs, or expenses to Class Counsel. Such awards must be approved by the Court. Under the Settlement Agreement, Defendants' total liability for all attorneys' fees, costs, and expenses of Class Counsel, including Class Counsel's employees, consultants, experts, and other agents who may have performed work in connection with the Actions, and Class Representative incentive awards, cannot exceed $2,750,000. Defendants have agreed that they will not oppose any motions for such fees, costs and expenses provided that cumulatively the requested awards do not exceed $2,750,000.

<u>THE COURT'S HEARING TO APPROVE THE SETTLEMENT</u>

<u>When and where will the Court hold its hearing?</u>

The Court will hold a hearing to decide whether to approve the settlement. You may attend and you may ask to speak at the hearing, but you do not have to do so. The Court will hold the hearing at _____ _.m. on _____ __, 201_, at the U.S. District Court for the Eastern District of New York, 225 Cadman Plaza East, Brooklyn, New York 11201. At the hearing, the Court will consider whether the settlement is fair, reasonable, and adequate. If there are objections that were received by the deadline, the Court will consider them. If you submit a timely objection, the Court will also listen to you speak at the hearing, if you so request.

<u>Do I have to attend the hearing?</u>

No. If you send an objection, then you can, but are not obligated, to come to Court to discuss it. You may also pay your own lawyer to attend or discuss your objection, but that is not necessary.

<u>May I speak at the hearing?</u>

You may ask the Court to speak at the hearing. To do so, you must send a letter saying that it is your "Notice of Intention to Appear" in <u>In re Glaceau Vitaminwater Marketing & Sales Practice Litigation, Case No. 1:11-md-02215-DLI-RML (E.D.N.Y.)</u>. Include your name, address, telephone number, and signature. Your Notice of Intention to Appear must be postmarked no later than _____ _, 201_, and must be sent to the Clerk of Court, Class Counsel, and Defendants' Counsel at their addresses above. You cannot speak at the hearing if your Notice of Intention to Appear is late.

<u>MORE INFORMATION</u>

<u>How can I get more information?</u>

This Notice summarizes the proposed settlement. More details are in the Settlement Agreement filed with the Court. You may examine the Court's file in the Clerk's Office at the United States District Court for the Eastern District of New York, 225 Cadman Plaza East, Brooklyn, New York 11201, for more complete information about the details of the lawsuit and the proposed settlement. You also may visit the website of the Settlement Administrator online at www.nycavitaminwaterclassactionsettlement.com.

# EXHIBIT E



**CENTER FOR**
**Science** IN THE
**Public Interest**

*The nonprofit publisher of*
*Nutrition Action Healthletter*

**FOR IMMEDIATE RELEASE:**                    **FOR MORE INFORMATION:**
 [TBD], October [TBD], 2015                    Jeff Cronin:  202-777-8370

## Label Improvements Resolve Vitaminwater Litigation

WASHINGTON—Labels for Coca-Cola's Vitaminwater line of beverages will prominently add the words "with sweeteners" on two places on the label where the brand's name appears, and the company can no longer claim that the product provides health benefits.  If approved, a proposed settlement agreement filed today in federal court would end a multi-year legal battle that began in 2009, when, on behalf of consumers, lawyers with the nonprofit Center for Science in the Public Interest and private law firms filed a class action lawsuit against Coca-Cola.

The proposed agreement resolving the litigation was filed in federal court in the Eastern District of New York.  It specifically prohibits a number of statements used on Vitaminwater labels over the years, including the statement "vitamins + water = what's in your hand," "vitamins + water = all you need," and "this combination of zinc and fortifying vitamins can … keep you healthy as a horse."  The agreement prohibits Vitaminwater labels from claiming that the drink is formulated to "support optimal metabolic function with antioxidants that may reduce the risk of chronic diseases," or that it may reduce the risk of age-related eye disease or promote healthy joints, immune function, feelings of relaxation, or a "healthy state of physical and mental being."

Vitmanwater labels will include the words "with sweeteners."  Vitaminwater contains 32 grams of sugar—about eight teaspoons—or 120 calories worth.

The company must begin making the new changes within three months and complete them within two years.

Besides CSPI's litigation director Maia Kats, the class plaintiffs were represented by Michael Reese of Reese LLP and Deborah Weintraub of Scott & Scott LLP.

#   #   #

The Center for Science in the Public Interest (CSPI) is a nonprofit health-advocacy group based in Washington, D.C., that focuses on nutrition and food safety.  CSPI is supported largely by subscribers to its *Nutrition Action Healthletter* and by foundation grants.