**REESE LLP**
Michael R. Reese
*mreese@reesellp.com*
George V. Granade
*ggranade@reesellp.com*
100 West 93rd St., 16th Fl.
New York, NY 10025
Telephone: (212) 643-0500
Facsimile: (212) 253-4272

**CENTER FOR SCIENCE
IN THE PUBLIC INTEREST**
Maia Kats
*mkats@cspinet.org*
1220 L Street, NW, Suite 300
Washington, D.C. 20005
Telephone: (202) 777-8381
Facsimile: (202) 265-4954

**SCOTT+SCOTT, ATTORNEYS AT LAW, LLP**
Deborah Clark-Weintraub
*dweintraub@scott-scott.com*
405 Lexington Avenue, 40th Floor
New York, NY 10174
Telephone: (212) 223-6444
Facsimile: (212) 223-6334

*Counsel for Plaintiffs and the
Settlement Class*

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE: GLACEAU VITAMINWATER MARKETING AND SALES PRACTICE LITIGATION (NO. II) | Case No. 1:11-md-02215-DLI-RML |
| BATSHEVA ACKERMAN, et al., <br><br> Plaintiffs, <br> v. <br><br> COCA-COLA COMPANY and ENERGY BRANDS INC. (d/b/a GLACEAU), <br><br> Defendants. | Case No. 1:09-cv-00395-DLI-RML <br><br> **MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT** |
| JULIANA FORD, <br> Plaintiff, <br> v. <br><br> THE COCA-COLA COMPANY and ENERGY BRANDS INC., <br> Defendants. | Case No. 1:11-cv-02355-DLI-RML |

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES .................................................................................................iv

I.     INTRODUCTION ...................................................................................................1

II.    PROCEDURAL HISTORY .....................................................................................2

III.   TERMS OF THE SETTLEMENT AGREEMENT ...............................................5

     A.    Injunctive Relief ........................................................................................5

     B.    Certification of the Settlement Class ........................................................6

     C.    Settlement Notice.......................................................................................7

     D.    Attorneys' Fees .........................................................................................8

     E.    Class Representative Service Awards ........................................................8

IV.   ARGUMENT ..........................................................................................................9

     A.    The Court Should Approve the Settlement Agreement ........................................9

          1.    *The Settlement Is Procedurally Fair, as It Was Reached After Protracted Arm's-Length Negotiations* ....................................................9

          2.    *The Settlement Is Substantively Fair, as Demonstrated by Application of the Grinnell Factors* ......................................................10

               (i)    The complexity, expense, and likely duration of litigation...........11

               (ii)   The reaction of the class to the settlement ...................................11

               (iii)  The stage of the proceedings and the amount of discovery completed .......................................................................................12

               (iv)  The risks of establishing liability and of maintaining the class action through the trial.........................................................12

               (v)   The ability of Defendants to withstand a greater judgment ..........13

               (vi)  The range of reasonableness of the settlement in light of the best possible recovery and in light of all the attendant risks of litigation ................................................................................13

ii

B.    The Court Should Certify the Settlement Class.................................................15

    1.    *The Class Meets All Rule 23(a) Prerequisites* .........................................15

        (i)    Numerosity ...................................................................15

        (ii)    Commonality ................................................................16

        (iii)    Typicality.....................................................................17

        (iv)    Adequate Representation..............................................18

    2.    *The Class Meets All Rule 23(b)(2) Requirements* ....................................19

C.    The Notice Plan Has, and Will Continue to, Adequately Advised Settlement Class Members of Their Rights........................................................20

V.    CONCLUSION ..........................................................................................22

## <u>TABLE OF AUTHORITIES</u>

<u>CASES</u>

*Ackerman v. Coca-Cola Co.*,
    No. 1:09-cv-00395- DLI-RML, 2013 WL 7044866 (E.D.N.Y. July 18, 2013)................passim

*Ackerman v. Coca-Cola Co.*,
    No. 1:09-cv-00395-DLI-RML, 2010 WL 2925955 (E.D.N.Y July 21, 2010) ..........................3

*Amara v. CIGNA Corp.*,
    775 F.3d 510 (2d Cir. 2014).............................................................................................19

*Amchem Prods., Inc. v. Windsor*,
    521 U.S. 591 (1997) ..........................................................................................................15

*Charron v. Pinnacle Grp. N.Y. LLC*,
    874 F. Supp. 2d 179 (S.D.N.Y. 2012) ...............................................................................13

*Charron v. Wiener*,
    731 F.3d 241 (2d Cir. 2013).....................................................................................9, 10, 18

*City of Detroit v. Grinnell Corp.*,
    495 F.2d 448 (2d Cir. 1974)............................................................................... 10, 12, 13, 14

*D'Amato v. Deutsche Bank*,
    236 F.3d 78 (2d Cir. 2001)...............................................................................................10

*Diaz v. Residential Credit Solutions, Inc.*,
    299 F.R.D. 16 (E.D.N.Y. 2014) ........................................................................................18

*Dupler v. Costco Wholesale Corp.*,
    705 F. Supp. 2d 231 (E.D.N.Y. 2010) ..............................................................................11

*Enriquez v. Cherry Hill Mkt. Corp.*,
    993 F. Supp. 2d 229 (E.D.N.Y. 2014) ..............................................................................17

*Fogarazzao v. Lehman Bros., Inc.*,
    232 F.R.D. 176 (E.D.N.Y. 2005) ......................................................................................17

*Handschu v. Special Servs. Div.*,
    787 F.2d 828 (2d Cir. 1986)..............................................................................................21

*In re Payment Card Interchange Fee & Merchant Discount Antitrust Litig.*,
    986 F. Supp. 2d 207 (E.D.N.Y. 2013)...............................................................................12

*In re Quaker Oats Labeling Litig.*,
    No. 5:10-cv-00502-RS (N.D. Cal. filed July 29, 2014).......................................................14

*Lilly v. Jamba Juice Co.*,
No. 13-cv-02998, 2015 WL 2062858 (N.D. Cal. May 4, 2015) ................................................13

*Marisol A. v. Giuliani*,
126 F.3d 372 (2d Cir. 1997) ................................................................... 15, 16, 18

*McReynolds v. Richards-Cantave*,
588 F.3d 790 (2d Cir. 2009) ...............................................................................9, 10

*Moore v. Margiotta*,
581 F. Supp. 649 (E.D.N.Y. 1984) .........................................................................18

*Padro v. Astrue*,
No. 11-CV-1788 (CBA)(RLM), 2013 WL 5719076 (E.D.N.Y. Oct. 18, 2013) .......................9

*Parsons v. Ryan*,
754 F.3d 657 (9th Cir. 2014) ................................................................................19

*Penn. Pub. Sch. Employees' Ret. Sys. v. Morgan Stanley & Co.*,
772 F.3d 111 (2d Cir. 2014) ................................................................................15

*Robidoux v. Celani*,
987 F.2d 931 (2d. Cir. 1993) .........................................................................15, 17

*Sykes v. Mel S. Harris & Assocs. LLC*,
780 F.3d 70 (2d Cir. 2015) ...........................................................................16, 19

*Wal-Mart Stores, Inc. v. Dukes*,
131 S. Ct. 2541 (2011) .................................................................................16, 19

*Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*,
396 F.3d 96 (2d Cir. 2005) ...............................................................................9, 20

*Willix v. Healthfirst, Inc.*,
No. 07-cv-1143, 2011 WL 754862 (E.D.N.Y. Feb. 18, 2011) .........................................12, 13

*Yang v. Focus Media Holding Ltd.*,
No. 11-Civ. 9051 (CM) (GWG), 2014 WL 4401280 (S.D.N.Y. Sept. 4, 2014) ......................10

## STATUTES AND OTHER AUTHORITIES

21 C.F.R. § 101.1 (2013) ......................................................................................5

Federal Rule of Civil Procedure 23 ..............................................................................passim

## I.  INTRODUCTION

Court appointed Class Counsel, on behalf of Plaintiffs[1] Batsheva Ackerman, Ruslan Antonov, James Koh, and Juliana Ford,[2] respectfully request that this Court finally approve a proposed class action settlement pursuant to which Defendants have agreed to entry of an injunction requiring them to:

- Place the words "with sweeteners" next to the name of the Product on the Principal Display Panel and information panel of the Product's labeling;

- State the amount of calories per bottle of the Product prominently on the Principal Display Panel of the Product;

- Place the statement, "see nutrition facts for more detail," in bold type, immediately after all uses of the statement, "excellent source [of certain nutrients]" on the Product's labeling; and

- Refrain from using certain statements regarding the ingredients of the Products; and

- Refrain from using certain statements advertising the Product's purported health benefits on the Product's labeling or in its marketing.[3]

In providing the Settlement Class with significant injunctive relief that will both increase the transparency of and remove misleading statements from the Product's labeling and marketing, the proposed settlement is more than "fair, adequate, and reasonable."  The proposed

---

[1] Capitalized terms shall have the meaning that the Settlement Agreement ascribes to them in Section I (titled "Definitions") and, as appropriate, elsewhere in the Settlement Agreement.

[2] The Settlement Agreement defines Plaintiffs as "Class Representatives" and seeks their appointment as representatives for the Settlement Class.  Settlement Agreement, ¶¶ 21.e. & 22.e.

[3] A full list of these former labeling claims can be found in the Agreement.  *See* Settlement Agreement, ¶ 35.d.

settlement was negotiated at arm's length by highly experienced class counsel, and reached only following briefing, argument and decisions with respect to Defendants' motion to dismiss Plaintiffs' claims in their entirety and Plaintiffs' motion for class certification.  Thus, Plaintiffs and Class Counsel were fully informed of the strengths and weaknesses of the claims asserted.  Accordingly, because this proposed settlement is both substantively and procedurally fair, Plaintiffs and Class Counsel respectfully urge that final approval is warranted.

## II.     PROCEDURAL HISTORY

The proposed settlement is the culmination of almost seven years of vigorously contested litigation.  The following is a brief summary of the litigation to date.  A more detailed statement of the facts and procedural history is contained in the Declaration of Michael R. Reese in Support of Motion for Final Approval of Class Action Settlement, Approval of Attorneys' Fees and Costs, and Approval of Service Awards for the Named Plaintiffs that is being filed simultaneously with this Motion ("Reese Decl.").  *See* Reese Decl. ¶¶ 7-24.

On January 14, 2009, Plaintiff James Koh, individually and on behalf of all California residents who had purchased vitaminwater brand beverages, filed a complaint against The Coca-Cola Company and Energy Brands Inc. in the U.S. District Court for the Northern District of California, alleging statutory and common law causes of action for false and misleading advertising and related claims, in connection with Defendants' labeling and other marketing of the Product.  *See* Complaint, *Koh v. Coca-Cola Co.*, No. 3:09-cv-00182 (N.D. Cal. Jan. 14, 2009); Reese Decl. ¶ 11.   Shortly thereafter, four additional cases were filed in the following jurisdictions: the U.S. District Court for the Eastern District of New York (*Ackerman v. Coca-Cola Co.*, No. 1:09-cv-00395-DLI-RML (E.D.N.Y.)); the U.S. District Court for the Central District of California (*Pelkey v. Coca-Cola Co.*, No. 2:09-cv-01239-ODW-JTL (C.D. Cal.)); the

U.S. District Court for the District of New Jersey (*Valentine v. Coca-Cola Co.*, No. 1:09-cv-03762-NLH-JS (D.N.J.)); and California Superior Court (*Antonov v. Coca-Cola Co.*, No. 09-487628 (Cal. Super. Ct.)).[4]  *Id.*  To consolidate the cases into a single action, the plaintiffs in *Koh*, *Pelkey*, *Valentine*, and *Antonov* voluntarily dismissed their individual cases and joined Ackerman as plaintiffs.  *E.g.*, Notice of Voluntary Dismissal, *Koh v. Coca-Cola Co.*, No. 3:09-cv-00182 (N.D. Cal. May 15, 2009); Reese Decl. ¶ 11. With these plaintiffs added, Class Counsel filed an amended complaint in the U.S. District Court for the Eastern District of New York, alleging claims under the common law and New York and California deceptive trade practices statutes.  Second Amended Class Action Complaint, *Ackerman v. Coca-Cola Co.*, No. 1:09-cv-00395-DLI-RML (E.D.N.Y. Oct. 6, 2009), ECF No. 32; Reese Decl. ¶ 11.

Defendants moved to dismiss the amended complaint, and on July 21, 2010, the U.S. District Court for the Eastern District of New York issued a decision sustaining the vast majority of the claims.  *Ackerman v. Coca-Cola Co.*, No. 1:09-cv-00395-DLI-RML, 2010 WL 2925955, at *26 (E.D.N.Y July 21, 2010) (dismissing breach of warranty claims but sustaining all other common law claims, as well as the New York and California statutory claims); Reese Decl. ¶ 13. Class certification discovery and briefing ensued, and on July 18, 2013, Magistrate Judge Levy recommended that this Court certify the Plaintiffs' California and New York classes as injunctive relief classes under Federal Civil Procedure Rule 23(b)(2).  *Ackerman v. Coca-Cola Co.*, No. 1:09-cv-00395- DLI-RML, 2013 WL 7044866, at *23 (E.D.N.Y. July 18, 2013); Reese Decl. ¶¶ 16-18.

---

[4] Defendants removed the last case, *Antonov*, to the U.S. District Court for the Northern District of California.  Notice of Removal, *Antonov v. Coca-Cola Co.*, No. 3:09-cv-02200-VRW (N.D. Cal. May 19, 2009).

Following various discovery disputes, at a status conference held on July 28, 2014, the Parties agreed to engage in settlement conferences with Magistrate Judge Levy.  Reese Decl. ¶¶ 21-24.  Beginning on September 8, 2014, and occurring on an ongoing basis thereafter, these conferences, together with a session with a highly respected private mediator, Hon. Richard J. Holwell (Ret.), culminated with the execution of the Settlement Agreement on September 29, 2015.  Class Counsel filed the Settlement Agreement and moved this Court for its preliminary approval on September 30, 2015.  Reese Decl. ¶¶  21-24.

On October 7, 2015, this Court: granted Plaintiffs' motion for preliminary approval of the Settlement Agreement; provisionally certified the Settlement Class under Rule 23(b)(2); appointed Batsheva Ackerman, Ruslan Antonov, James Koh, and Juliana Ford, to serve as Class Representatives; approved the class Notice Plan; and approved Michael R. Reese of Reese LLP, Deborah Clark-Weintraub of Scott+Scott, Attorneys at Law, LLP, and Maia Kats of the Center for Science in the Public Interest, as Class Counsel.[5]  Reese Decl. ¶ 24.

As per the Notice Plan, the Notice Administrator has notified Settlement Class Members of the proposed settlement through publication of the summary notice in USA Today and the establishment of a website that contains all relevant information regarding the settlement-approval process (www.nycavitaminwaterclassactionsettlement.com).  *See* Declaration of Steven Weisbrot filed simultaneously herewith ("Weistbrot Decl.").  Class members have until January 15, 2016, to object to the proposed settlement.

---

[5] Dkt. Entry, Entered 10/07/2015.

### III.    TERMS OF THE SETTLEMENT AGREEMENT

The Settlement Agreement: describes the Injunctive Relief to be provided by Defendants; defines the Settlement Class, for settlement purposes; and proposes a plan for disseminating Notice of the Settlement to Settlement Class Members.

### A.    Injunctive Relief

The Settlement Agreement provides for the following significant injunctive relief.[6]

First, Defendants will be required to place the words "with sweeteners" on the Principal Display Panel and information panel of the Product's labeling.  The placement and font of these words must be conspicuous—*i.e.*, placed next to the name "vitaminwater," and below the Product's variety name (*e.g.*, power-c) and Flavor (*e.g.*, dragonfruit)—and have the same size and clarity as the phrase, "flavored + other natural flavors," as it appears on the Product's labeling.[7]

Second, the Agreement also requires Defendants to list the amount of calories per bottle of the Product on the Principal Display Panel of the Product.[8]

Third, should Defendants include the statement, "excellent source [of certain nutrients]," on the Product's labeling, Defendants must also place the statement, "see nutrition facts for more detail," in bold type immediately below that former statement.

---

[6] Defendants will begin and complete implementation of the injunctive relief within three months and twenty-four months of the effective date of the Final Approval Order and Judgment, respectively.  *See* Settlement Agreement, ¶ 34.

[7] Moreover, this phrase—"with sweeteners"—must, maintain a font size proportional to that found in Exhibit A of the Settlement Agreement.  *See* Settlement Agreement, ¶ 35.a.

[8] Under the Agreement, the Product's "Principal Display Panel" means "the part of [the Product's] label that is most likely to be displayed, presented, shown, or examined under customary conditions of display for retail sale."  21 C.F.R. § 101.1 (2013); *see also* Settlement Agreement, ¶ 21.ff.

And, fourth, Defendants may not use certain specific statements advertising the Product's purported health benefits or characterizing the ingredients on the Product's labeling or in its marketing. These statements include, but are not limited to, the following: "vitamins + water = all you need"; "made for the center for responsible hydration"; "specially formulated to support optimal metabolic function with antioxidants that may reduce the risk of chronic diseases and vitamins necessary for the generation and utilization of energy from food"; "specially formulated with nutrients required for optimal functioning of the immune system, and the generation and utilization of energy from food to support immune and other metabolic activities."[9]

## B.   Certification of the Settlement Class

The Agreement defines a Settlement Class, for settlement purposes, consisting of two Settlement Subclasses—the New York Class and the California Class. These Settlement Subclasses are defined as follows:

(i)   **New York Class**: All New York residents who purchased vitaminwater within New York State at any time from January 20, 2003, up to and including the Notice Date.

(ii)   **California Class**: All California residents who purchased vitaminwater at any time from January 15, 2005, up to and including the Notice Date.

Both Settlement Subclasses exclude: officers and directors of Defendants; members of the immediate families of the officers and directors of Defendants; the legal representatives, heirs, successors, and assigns of officers and directors of Defendants; and, any entity in which officers and directors of Defendants have or have had a controlling interest.

---

[9] A full list of these former labeling claims can be found in the Agreement. *See* Settlement Agreement, ¶ 35.d.

**C.      Settlement Notice**

The Settlement Agreement includes a Notice Plan that has been approved by this Court.[10] To summarize, the Notice Plan: proposed the appointment of Angeion Group ("Notice Administrator") to administer the notice process; and outlined the forms and methods by which notice of, and the opportunity to object to, the Settlement Agreement has been and will continue to be given to Settlement Class Members.  Currently, the Notice Plan is still being carried out, as Settlement Class Members have until January 15, 2016 to object to the proposed settlement.

The Notice Plan provided two forms by which the Notice Administrator must disseminate notice of the Settlement Agreement to Settlement Class Members: a Summary Notice (designed to provide material information about the Agreement); and a Long-Form Notice (designed to provide notice of the full terms of the Settlement Agreement).  *See* Settlement Agreement, Exhibits C & D.  The Notice Plan instructed the Notice Administrator to provide notice of the Settlement Agreement through publication of the Summary Notice in USA Today and creation of a Class Settlement Website, containing the aforementioned notice forms, settlement-related court filings, and any other relevant information and updates regarding the court-approval process.  The Notice Plan provided that each of these means of notice must be accomplished within 15 days of the Court's Preliminary Approval of the Settlement Agreement and that the Class Settlement Website must be kept on the Internet for at least six months from the date of its creation, or 30 days after the termination or Effective Date of the Settlement Agreement—whichever is later.  As stated in the Weisbrot Declaration, the Notice Administrator has satisfied, and continues to satisfy these requirements.

---

[10] Dkt. Entry, Entered 10/07/2015.

### D.     Attorneys' Fees

Class Counsel have worked on this case for more than seven years.  Under the Settlement Agreement, subject to the Court's approval, Defendants have agreed to will pay an amount of up to $2,730,000, as compensation for these years of work on this matter.  This amount was negotiated with the assistance of a highly respected mediator  - the Honorable Richard J. Holwell (Ret.) - only after the materials terms of the injunctive relief were agree to the by the Parties. Settlement Agreement, ¶ 41; Reese Decl. ¶¶  22-24.Concurrently with the filing of this motion, Class Counsel have filed a motion for an award of attorneys' fees and reimbursement of litigation expenses.

### E.     Class Representative Service Awards

In exchange for the release of the Plaintiffs' individual claims and for their efforts in prosecuting the matter on behalf of the Settlement Class, Defendants will, subject to Court approval, pay each Plaintiff— Batsheva Ackerman, Ruslan Antonov, James Koh, and Juliana Ford—a service award in the amount of $5,000.  Settlement Agreement, ¶ 42.  Concurrently with the filing of this motion, Class Counsel have filed a motion for service awards for Plaintiffs, as Class Representatives.

## IV.     ARGUMENT

### A.     The Court Should Approve the Settlement Agreement

Under Rule 23(e)(2) of the Federal Rules of Civil Procedure, a court may approve a class action settlement "only . . . on finding that [the agreement] is fair, reasonable and adequate." Fed. R. Civ. P. 23(e)(2).   The "fair, reasonable and adequate" standard effectively requires parties to show that a settlement agreement is both: (1) procedurally fair; and (2) substantively fair.   *See Charron v. Wiener*, 731 F.3d 241, 247 (2d Cir. 2013) (citations omitted); *accord McReynolds v. Richards-Cantave*, 588 F.3d 790, 803–04 (2d Cir. 2009).   In recognition of the "strong judicial policy in favor of settlements, particularly in the class action context," courts evaluating settlement agreements adopt a presumption of both their procedural and substantive fairness.   *See McReynolds*, 588 F.3d at 803 (citing *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 116 (2d Cir. 2005)).   In its Order granting Plaintiffs' Motion for Preliminary Approval of the Settlement Agreement, this Court preliminarily approved the Settlement Agreement. Here, because the Settlement Agreement is both procedurally and substantively fair, Plaintiffs respectfully ask the Court to finally approve the Agreement.

### 1.     *The Settlement Is Procedurally Fair, as It Was Reached After Protracted Arm's-Length Negotiations*

To demonstrate the procedural fairness of a settlement agreement, a party must show that the agreement "is the product of arm's-length, good faith negotiation." *McReynolds*, 588 F.3d at 804; *see also Padro v. Astrue*, No. 11-CV-1788 (CBA)(RLM), 2013 WL 5719076, at *3 (E.D.N.Y. Oct. 18, 2013) ("Where the integrity of the negotiation process is preserved, a strong initial presumption of fairness attaches to the proposed settlement.").   Here, Plaintiffs engaged in nearly seven years of hard-fought litigation and participated in extensive settlement negotiations under the supervision of this Court, professional mediator Antonio Piazza, and the Honorable

Richard Holwell (Ret.), and were—during the entirety of the action—represented by counsel with significant experience in consumer and class action litigation.  Participation of a highly qualified mediator in settlement negotiations "strongly supports [the] finding that negotiations were conducted at arm's length and without collusion."  *Yang v. Focus Media Holding Ltd.*, No. 11-Civ. 9051 (CM) (GWG), 2014 WL 4401280, at *5 (S.D.N.Y. Sept. 4, 2014); *see also D'Amato v. Deutsche Bank*, 236 F.3d 78, 85 (2d Cir. 2001) (a mediator's involvement in settlement negotiations "helps to ensure that the proceedings were free of collusion and undue pressure").  Thus, the Agreement is procedurally fair.

### 2. *The Settlement Is Substantively Fair, as Demonstrated by Application of the Grinnell Factors*

To demonstrate the substantive fairness of a settlement agreement, a party must show that the factors set out by the Second Circuit in *City of Detroit v. Grinnell Corp.*, 495 F.2d 448 (2d Cir. 1974) ("*Grinnell*") weigh in favor of approving the settlement agreement.  *Charron*, 731 F.3d at 247 (citations omitted).  The nine *Grinnell* factors are:

> (1) the complexity, expense and likely duration of the litigation; (2) the reaction of the class to the settlement; (3) the stage of the proceedings and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the class action through the trial; (7) the ability of the defendants to withstand a greater judgment; (8) the range of reasonableness of the settlement … in light of the best possible recovery; (9) the range of reasonableness of the settlement … to a possible recovery in light of all the attendant risks of litigation.

*McReynolds*, 588 F.3d at 804 (quoting *Grinnell*, 495 F.2d at 463).  These factors overwhelmingly favor final approval of the Settlement Agreement.

**(i) The complexity, expense, and likely duration of litigation**

Consumer class action lawsuits, like this action, are complex, expensive, and lengthy. *See, e.g.*, *Dupler v. Costco Wholesale Corp.*, 705 F. Supp. 2d 231, 239 (E.D.N.Y. 2010).   As described above, Plaintiffs filed this action almost seven years ago.   Since then, the action has prompted two motions to transfer before the Judicial Panel on Multidistrict Litigation; motions for dismissal and summary judgment; discovery, including fact and expert discovery; extensive class certification proceedings, including full briefing, and an all-day hearing, and briefing in connection with Defendants' objections to this Court's Report and Recommendation; private mediation; and multiple disputes over discovery issues.   Should this Court not approve the Settlement Agreement, this lengthy and contentious litigation would resume, with disputes likely continuing over class certification, including an attempted appeal to the Second Circuit by whichever party ultimately prevailed on the issue in the District Court, summary judgment motions, and expert testimony.   Moreover, the benefits of reverting to litigation would be uncertain.

**(ii) The reaction of the class to the settlement**

The deadline for objecting to the Settlement Agreement is January 15, 2016.   Although this deadline has not yet been reached, the response to date suggests that the vast majority of class members support the Settlement Agreement.   As of January 8, 2016, only one class members have objected to final approval of the settlement.[11]   Accordingly, to the extent this factor can be assessed at this time, it weighs in favor of approving the Settlement Agreement.

---

[11] The deadline for objection is January 15, 2016.  All objections will be addressed in Plaintiffs' Reply that is due by January 22, 2016.

### (iii) <u>The stage of the proceedings and the amount of discovery completed</u>

The third *Grinnell* factor—the stage of the proceedings and the amount of discovery completed—considers "whether Class Plaintiffs had sufficient information on the merits of the case to enter into a settlement agreement . . . and whether the Court has sufficient information to evaluate such a settlement." *In re Payment Card Interchange Fee & Merchant Discount Antitrust Litig.*, 986 F. Supp. 2d 207, 224 (E.D.N.Y. 2013) (citations omitted). Here, Plaintiffs filed comprehensive briefs opposing Defendants' motion to dismiss the action in its entirety and in support of class certification. This briefing highlighted the many difficult issues Plaintiffs faced in maintaining this Action in finally prevailing on their motion for class certification. In addition, Plaintiffs reviewed thousands of pages of documents produced by Defendants and deposed numerous employees and experts proffered by Defendants. Thus, Plaintiffs and Class Counsel had sufficient information to evaluate the terms of the proposed settlement.

### (iv) **The risks of establishing liability and of maintaining the class action through the trial**

The fourth and sixth *Grinnell* factors—the risks of establishing liability, and of maintaining the class action through the trial—naturally weigh in favor of approving the Settlement Agreement.[12] "Litigation inherently involves risks." *Willix v. Healthfirst, Inc.*, No. 07-cv-1143, 2011 WL 754862, at *4 (E.D.N.Y. Feb. 18, 2011) (citation omitted). Settlements, because they avoid merits and class certification adjudication, remove uncertainty over establishing a defendant's liability and maintaining a class' certification. *See id.*

---

[12] The fifth *Grinnell* factor (the risk of establishing damages) is not relevant to this action—and thus does not weigh either for or against approving the Agreement—as Plaintiffs seek injunctive relief. Moreover, the Court only recommended certification of a Rule 23(b)(2) class.

Notably, in its Report and Recommendation, this Court recommended that the Settlement Class be certified as to a 23(b)(2) class only.  Moreover, Defendants have objected to this report, and the issue remains pending.  *See* Defs' Partial Objection to Report & Recommendation, *Ackerman v. Coca-Cola Co.*, No. 1:09-cv-00395-DLI-RML (E.D.N.Y. filed Aug. 1, 2013).  Even if the District Court adopted this Court's Report and Recommendation, Defendants would likely appeal that decision, and extensive discovery and briefing would follow, prior to any merits determination.  *Willix*, 2011 WL 754862, at *4 (commenting that appeals, discovery, and briefing likely follow from class certification).  This expensive and protracted litigation would persist, with no guaranteed favorable outcome for either Plaintiffs or Defendants.

### (v) The ability of Defendants to withstand a greater judgment

The seventh *Grinnell* factor—the ability of a defendant to withstand a greater judgment—has, in practice, transformed into an acknowledgement that it is more important that a class receive some relief than possibly "yet more" relief.  *Charron v. Pinnacle Grp. N.Y. LLC*, 874 F. Supp. 2d 179, 201 (S.D.N.Y. 2012).  The Settlement Agreement, as discussed above, affords the Settlement Class substantial benefits, as it achieves the Settlement Class' goal of beneficially changing the Product's labeling.  Moreover, by resolving the Settlement Class' claims, the Settlement Agreement removes the Settlement Class' costs of maintaining litigation.

### (vi) The range of reasonableness of the settlement in light of the best possible recovery and in light of all the attendant risks of litigation

The relief provided by the Settlement Agreement is within the range of reasonableness, in light of the best possible recovery and in light of all the attendant risks of litigation.  Courts have consistently approved injunction-only settlement agreements that resolve food mislabeling class actions.  *See, e.g.*, *Lilly v. Jamba Juice Co.*, No. 13-cv-02998, 2015 WL 2062858 (N.D. Cal. May 4, 2015); Final Order Approving Class Action Settlement, *In re Quaker Oats Labeling*

*Litig.*, No. 5:10-cv-00502-RS (N.D. Cal. filed July 29, 2014).  In doing so, these courts have emphasized that the relief obtained in these settlements—relabeling of the challenged product—"provides meaningful injunctive relief . . . within the range of possible recoveries by the Class." Final Order Approving Class Action Settlement at 4, *In re Quaker Oats Labeling Litig.*, No. 5:10-cv-00502-RS (N.D. Cal. filed July 29, 2014).

Here, the gravamen of the Action was that Defendants were deceiving consumers by leading them to believe that vitaminwater consisted of only vitamins and water and making unwarranted health claims.  The injunction that will be entered by this Court in the event the Settlement is approved goes a long way towards remedying this deception by (i) requiring Defendants to disclose on the principal display panel that vitaminwater contains sweeteners and enjoining Defendants from making certain statement regarding the ingredients such as "vitamins + water = what's in your hand" and "vitamins + water = all you need"; and, (ii) enjoining Defendants from claiming non-existent health benefits from its consumption.  Thus, consideration of the range of reasonableness of the settlement in light of the best possible recovery and in light of all the attendant risks of litigation weighs strongly in favor of approving the Settlement Agreement.

Collectively and independently, thus, the *Grinnell* factors warrant a conclusion that the Settlement Agreement is fair, adequate, and reasonable.  As such, Plaintiffs respectfully request the Court to finally approve the Agreement.

## B.     The Court Should Certify the Settlement Class

A court may certify a settlement class upon finding that the action underlying the settlement satisfies all Rule 23(a) prerequisites and Rule 23(b) requirements.   *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 619–22 (1997).   In its Order granting Plaintiffs' Motion for Preliminary Approval of the Settlement Agreement, this Court provisionally certified the Settlement Class.   Here, because the Settlement Class satisfies all Rule 23(a) prerequisites and Rule 23(b)(2) requirements, Plaintiffs respectfully ask the Court to finally certify the Settlement Class, for settlement purposes.

### 1.     *The Class Meets All Rule 23(a) Prerequisites*

Federal Civil Procedure Rule 23(a) has four prerequisites for certification of a class action: (i) numerosity; (ii) commonality; (iii) typicality; and (iv) adequate representation.   The Settlement Class meets each of these four prerequisites and, consequently, satisfies Rule 23(a).

### (i) <u>Numerosity</u>

Under the numerosity prerequisite of Rule 23(a), plaintiffs must show that their proposed class is "so numerous that joinder of all [its] members is impracticable."   Fed. R. Civ. P. 23(a)(1).   The Second Circuit has consistently treated this prerequisite liberally, explaining that numerosity will be found where a proposed class is "obviously numerous."   *Marisol A. v. Giuliani*, 126 F.3d 372, 376 (2d Cir. 1997); *see also Robidoux v. Celani*, 987 F.2d 931, 935 (2d. Cir. 1993).   Though no magic number of class members exists for meeting the numerosity prerequisite, courts "presume [the prerequisite is met] for classes larger than forty members." *Penn. Pub. Sch. Employees' Ret. Sys. v. Morgan Stanley & Co.*, 772 F.3d 111, 120 (2d Cir. 2014).

Here, the Settlement Class is "obviously numerous." *Marisol A.*, 126 F.3d at 376. This Court, in its previous Report and Recommendation, found that "there is no dispute" that hundreds of thousands of people purchased vitaminwater in New York and California during the class periods. *Ackerman*, 2013 WL 7044866, at *7–8. Accordingly, the Settlement Class here clearly meets the numerosity prerequisite of Rule 23(a).

### (ii) Commonality

Under the commonality prerequisite of Rule 23(a), plaintiffs must show that "questions of law or fact common to the [proposed] class" exist. Fed. R. Civ. P. 23(a)(2). The U.S. Supreme Court has clarified that this prerequisite will be found where a proposed class' members have brought claims that all centrally "depend upon [the resolution of] a common contention." *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011). The Second Circuit has construed this instruction liberally, holding that plaintiffs need only allege injuries "derive[d] from defendants' . . . unitary course of conduct." *Sykes v. Mel S. Harris & Assocs. LLC*, 780 F.3d 70, 84 (2d Cir. 2015).

Here, Settlement Class Members bring claims that centrally depend on the resolution of a common contention—whether vitaminwater's labeling would mislead a reasonable consumer. This Court, in its Report and Recommendation, aptly concluded that "whether or not the [P]roduct name was misleading or deceptive to a reasonable consumer is a single question of fact that satisfied the commonality" prerequisite, and "plaintiffs are not [further] required to demonstrate that all of the [proposed] class members had identical motivations for purchasing" the Product. *Ackerman*, 2013 WL 7044866, at *10. Thus, the commonality prerequisite of Rule 23(a) is satisfied here.

### (iii) **Typicality**

Under the typicality prerequisite of Rule 23(a), plaintiffs must show that their proposed class representatives' claims "are typical of the [class'] claims." Fed. R. Civ. P. 23(a)(3). The Second Circuit has interpreted this prerequisite to require plaintiffs to show that "the same unlawful conduct was directed at or affected both the named plaintiff and the class sought to be represented." *Robidoux*, 987 F.2d at 936–37 (citations omitted). District courts in the Second Circuit, moreover, have repeatedly found this prerequisite easily satisfied, particularly in consumer class action cases. *See Enriquez v. Cherry Hill Mkt. Corp.*, 993 F. Supp. 2d 229, 233 (E.D.N.Y. 2014); *Fogarazzao v. Lehman Bros., Inc.*, 232 F.R.D. 176, 180 (E.D.N.Y. 2005) ("The typicality requirement is not demanding." (internal citations and quotation marks omitted)).

Here, the claims of the Class Representatives are typical of the Settlement Class' claims. The Plaintiffs and the rest of the Settlement Class all allege that Defendants committed the same unlawful conduct—misleadingly labeling and naming their Product, in violation of California and New York deceptive trade practices statutes and the common law. Again, as with the numerosity and commonality prerequisites, this Court found the typicality prerequisite was easily met in this action, succinctly concluding, "[t]he issue at the core of this action . . . is typical among both the group of named plaintiffs and the proposed classes. Therefore, plaintiffs have satisfied [the typicality] element." *Ackerman*, 2013 WL 7044866, at *11.

## (iv) <u>Adequate Representation</u>

Under the adequate representation prong of 23(a), plaintiffs must show that their proposed class representatives will "fairly and adequately protect the interests of the class." Fed. R Civ. P. 23(a)(4). To do this, plaintiffs must demonstrate that the: (1) class representatives do not have conflicting interests with other class members; and (2) class counsel is "qualified, experienced and generally able to conduct the litigation." *Marisol A.*, 126 F.3d at 378.

Courts within the Second Circuit have consistently applied a lenient standard for meeting both of the adequate representation requirements. *Diaz v. Residential Credit Solutions, Inc.*, 299 F.R.D. 16, 20–21 (E.D.N.Y. 2014). For the first requirement (adequacy of class representatives), Second Circuit courts have required that plaintiffs merely show that "no fundamental conflicts exist" between a class' representative(s) and its members. *Charron*, 731 F.3d at 249. For the second requirement (adequacy of class counsel), courts in the Second Circuit generally presume it met, only finding it not met in instances where class counsel represents other clients whose interests are inherently at odds with the class' interests or class counsel also acts as a class representative. *Moore v. Margiotta*, 581 F. Supp. 649, 652 (E.D.N.Y. 1984).

Here, the adequate representation prerequisite is satisfied. The Plaintiffs have no fundamental conflicts with other Settlement Class Members' interests, as they seek the same type of relief (injunctive relief) and assert the same legal claims, as other Settlement Class Members. Similarly, Class Counsel are "qualified, experienced and generally able to conduct the litigation," as they do not represent any clients with interests at odds with the Settlement Class', are not also acting as class representatives, and have extensive experience in class action litigation and consumer advocacy. *See Ackerman*, 2013 WL 7044866, at *12. Thus, the adequate representation prerequisite is met.

## 2. *The Class Meets All Rule 23(b)(2) Requirements*

For certification, in addition to satisfying all Rule 23(a) prerequisites, a settlement class must satisfy Rule 23(b).  *See* Fed. R. Civ. P. 23(b).  The Settlement Class, as a class seeking injunctive relief, meets all Rule 23(b)(2) requirements, and the Court should certify it.  Rule 23(b)(2) provides: "A class action may be maintained if . . . the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole . . . ."  *Id.*  The Second Circuit has interpreted this to mean that class-wide injunctive relief must provide benefit to all class members (even if in different ways).  *Sykes*, 780 F.3d at 97 (citing *Wal-Mart Stores, Inc.*, 131 S. Ct. at 2557–58); *see also Parsons v. Ryan*, 754 F.3d 657, 688 (9th Cir. 2014) (holding the same).

For example, in the case, *Sykes v. Mel S. Harris & Assocs. LLC*, the Second Circuit certified a class, under Rule 23(b)(2), comprised of persons injured by the defendant's illegal procurement of default judgments.  *Sykes*, 780 F.3d 70, 97 (2d Cir. 2015).  The court reasoned that the plaintiffs' proposed injunctive relief—an order enjoining defendants from fraudulently procuring default judgments and directing them to properly serve process in the future—would benefit each class member.  *Id.*  Similarly, in the case, *Amara v. CIGNA Corp.*, the Second Circuit certified a class comprised of all CIGNA employees that had had their retirement plans altered without proper notice.  *Amara v. CIGNA Corp.*, 775 F.3d 510, 514–16, 522 (2d Cir. 2014).  The court reasoned that the injunctive relief sought by the plaintiffs—reformation of these retirement plans—would likewise benefit each class member.  *Id.* at 522.

Like the class members in *Sykes* and *Amara*, this relief would, in remedying the Product's labeling, benefit each Settlement Class Member at once.  Moreover, as this Court observed

previously, "equitable relief in the form of an injunction would be an appropriate remedy" for the Settlement Class. *Ackerman*, 2013 WL 7044866, at *17. Accordingly, the Settlement Class should be found to meet Rule 23(b); and, as the Settlement Class also satisfies the Rule 23(a) prerequisites, the Settlement Class should be certified for injunctive relief.

### C.    The Notice Plan Has, and Will Continue to, Adequately Advised Settlement Class Members of Their Rights

Due Process and the Federal Rules of Civil Procedure require that notice to the class of a class action settlement "fairly apprise the prospective members of the class of the terms of the proposed settlement and of the options that are open to them in connection with the proceedings." *Visa U.S.A., Inc.*, 396 F.3d at 114. The standard for determining whether a class action settlement notice satisfies this requirement "is measured by reasonableness." *Id.* at 113.

Here, the robust notice program meets the requirements of Due Process and the Federal Rules of Civil Procedure. The Notice forms explains the litigation, summarize the Settlement Agreement's terms, describes the request for attorneys' fees and expenses, and explains the deadline and procedure for filing objections to the Settlement Agreement. *See* Settlement Agreement, Exhibits C & D. Additionally, the notice directs Settlement Class Members to a website where they can obtain more information on the Settlement Agreement and directly contact the Notice Administrator. *See id.* The Notice Plan, as evidenced by these features, is reasonable, and thus satisfies the requirements of Due Process and the Federal Rules of Civil Procedure.

Moreover, the Notice Plan has proven effective in providing notice to Settlement Class Members.  The successful reach of a class action settlement notice can be judged, in part, by the reaction of the class.  *See Handschu v. Special Servs. Div.*, 787 F.2d 828, 833 (2d Cir. 1986). The settlement website (www.nycavitaminwaterclassactionsettlement.com), which went live on October 2, 2015, has received more than 51,000 website page visitors.  Weisbrot Decl. at ¶ 6. The combined total number of impressions from the from the Facebook campaign and internet banner advertisements has been over 78 million impressions.  Weisbrot Decl. at ¶ 7.  Notice was also effected by publication in USA Today, which has a nationwide circulation to millions of consumers.  Weisbrot Decl. at ¶ 8.  Overall, the positive reaction and extensive reach of the class action settlement notice further demonstrates its success.

## V.        CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court finally: (1) certify the Settlement Class for the purpose of the settlement; and (2) approve the Settlement Agreement.

Respectfully submitted,

Dated: January 8, 2016                    By: */s/ Michael R. Reese*
                                          Michael R. Reese
                                          **REESE LLP**
                                          100 West 93rd Street, 16th Floor
                                          New York, NY 10025

                                          Maia Kats
                                          **CENTER FOR SCIENCE
                                          IN THE PUBLIC INTEREST**
                                          1220 L Street, NW, Suite 300
                                          Washington, D.C. 20005

                                          Deborah Clark-Weintraub
                                          **SCOTT+SCOTT,
                                          ATTORNEYS AT LAW, LLP**
                                          405 Lexington Avenue, 40th Floor
                                          New York, NY 10174

                                          ***Court Appointed Class Counsel***