UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: GLACEAU VITAMINWATER MARKETING AND SALES PRACTICE LITIGATION (NO. II) | Case No. 1:11-md-02215-DLI-RML |
| BATSHEVA ACKERMAN, RUSLAN ANTONOV, and JAMES KOH,<br><br>              Plaintiffs,<br><br>      -against-<br><br>THE COCA-COLA COMPANY and ENERGY BRANDS INC.,<br><br>              Defendants. | Case No. 1:09-cv-00395-DLI-RML<br><br>**ORDER<br>GRANTING FINAL APPROVAL AND ENTERING FINAL JUDGMENT** |
| JULIANA FORD,<br><br>              Plaintiff,<br><br>      -against-<br><br>THE COCA-COLA COMPANY and ENERGY BRANDS INC.,<br><br>              Defendants. | Case No. 1:11-cv-2355-DLI-RML |

On the 26th day of February, 2016, a hearing having been held before this Court to determine: (1) whether the terms and conditions of the Settlement Agreement and Release, dated September 29, 2015 (ECF No. 167-2) (the "Settlement Agreement"), should be approved as being fair, reasonable and adequate for the settlement of all Claims[1] asserted by Plaintiffs, in their individual capacities and on behalf of the Settlement Class, against Defendants The Coca-Cola Company and Energy Brands, Inc. (d/b/a Glaceau) (collectively "Defendants") in these Actions; (2) whether judgment should be entered dismissing the Actions on the merits and with prejudice in favor of Defendants and as against all persons or entities who are members of the Settlement Class herein who have not previously and effectively requested exclusion therefrom; (3) whether and, if so, in what amount to award fees and reimbursement of expenses to Reese LLP; Scott+Scott, Attorneys at Law, LLP; and, the Center for Science in the Public Interest, who served as co-lead class counsel in this matter ("Class Counsel"); and (4) whether to grant a $5,000 incentive award to Plaintiffs Batsheva Ackerman, Ruslan Antonov. James Koh, and Juliana Ford ("Class Representatives") as compensation for the time and effort each expended in serving as class representatives.

The Court having considered all matters submitted to it at the February 26, 2016 hearing and otherwise with respect to the fairness, reasonableness and adequacy of the settlement; and it appearing that a notice of the proposed settlement and hearing were published in the manner previously approved of by the Court; and the Court having considered and determined the fairness and reasonableness of the award of the attorneys' fees and expenses requested; and the Court having considered and determined the reasonableness of the application for incentive awards to the Class Representatives for their time and effort incurred in serving as class representatives:

---

[1] Capitalized terms, not otherwise defined herein, shall have the meaning ascribed to them in the Definitions Section I of the Settlement Agreement.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The Court has jurisdiction over the subject matter of the Actions, Class Representatives, all Settlement Class Members, and Defendants.

2. The Court finds, for purposes of effectuating the Settlement Agreement only, that the prerequisites for a class action under Federal Civil Procedure Rule 23(a) and (b)(2) have been satisfied in that: (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the Court-appointed Class Representatives are typical of the claims of the Settlement Class they represent; (d) the Class Representatives have and will continue to fairly and adequately represent the interests of the Settlement Class; and (e) the party opposing the Settlement Class has acted or refused to act on grounds that apply generally to the Settlement Class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the Settlement Class as a whole.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure this Court hereby finally certifies for purposes of settlement, this action as a class action on behalf of the Settlement Class, consisting of the two following statewide subclasses:

> **New York Class**: All current New York residents who purchased **vitamin**water within New York state at any time from January 20, 2003, up to and including October 29, 2015.
>
> **California Class**: All current California residents who purchased **vitamin**water at any time from January 15, 2005 to October 29, 2015.

Excluded from the Settlement Class are Officers and directors of Defendants, members of the immediate families of the officers and directors of Defendants, and their legal representatives, heirs, successors, or assigns and any entity in which they have or have had a controlling interest.

4. The form, content and method of notifying the Settlement Class of the settlement of the action as a class action and of the terms and conditions of the proposed Settlement Agreement met the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, and any other applicable law, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons entitled thereto.

5. The Settlement Agreement is the product of substantial, good faith, arm's length negotiations between and among the parties. Pursuant to Federal Rule Civil Procedure 23, the Settlement Agreement is hereby approved as fair, reasonable, and adequate, and the Settlement Class Members and the parties are directed to consummate the Settlement Agreement in accordance with the its terms and provisions. All provisions of the Settlement Agreement are incorporated into this Order and Final Judgment as if fully rewritten herein.

6. The objections to the Settlement made by the individual, Steven Helfand, and the organization, *amicus curiae* Truth in Advertising (TINA) (collectively, the "Objectors"), are hereby overruled. This Court finds that Mr. Helfand has failed to establish his standing to object. Mr. Helfand, is not a member of the Settlement Class, which is limited to California and New York residents who purchased **vitamin**water during the class period, as Mr. Helfand admits that he is not a resident of either state, but rather is a resident of Florida. In addition, the Court finds that the substance of the objections to the Settlement made by Mr. Helfand and *amicus curiae* TINA are meritless. Specifically, the Notice disseminated pursuant to this Court's October 7, 2015 Order complied with Federal Civil Procedure Rule 23 and the requirements of due process; the settlement is fair, adequate and reasonable; and payment of the attorneys' fees and expenses requested by Class Counsel are reasonable and appropriate.

7. The Actions are hereby dismissed with prejudice and without costs.

8. The Class Representatives and Settlement Class Members are hereby barred and enjoined from instituting, commencing or prosecuting any injunctive, declaratory, or non-monetary equitable claims that were set forth in the *Ackerman* Second Amended Complaint or the *Ford* Complaint and not otherwise dismissed or omitted in those actions, by any Settlement Class Member against the Released Parties. The Released Claims are hereby compromised, settled, released, discharged and dismissed as against the Released Parties on the merits and with prejudice by virtue of the proceedings herein and this Order and Final Judgment.

9. Neither this Order and Final Judgment, the Settlement Agreement, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, shall be:

    (a) offered or received against Defendants as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by Defendants with respect to the truth of any fact alleged by Plaintiffs or the validity of any claim that has been or could have been asserted in the above-caption litigation, or of any liability, negligence, fault, or wrongdoing of Defendants;

    (b) construed as or received in evidence as an admission, concession or presumption against the Class Representatives or any of the Settlement Class Members that any of their claims are without merit, or that any defenses asserted by Defendants have any merit.

10. Class Counsel are hereby awarded $2,730,000, to be paid by Defendants in accordance with the terms of the Settlement Agreement, for attorneys' fees and reimbursement of their expenses, which the Court finds to have been fair and reasonable and reasonably incurred.

11. In making this award of attorneys' fees and reimbursement of expenses, the Court has considered and found that:

(a) The lodestar expended to date in litigating this matter is $2,663,258.50 and the expenses expended to date are $55,540. The award of $2,730,000 represents a multiplier of 1.02, which is fair and reasonable.

(b) Class Counsel has conducted the litigation and achieved the Settlement Agreement with skill, perseverance and diligent advocacy;

(c) The Actions involve complex factual and legal issues and was prosecuted for over seven years and, in the absence of a settlement, would involve further lengthy proceedings with uncertain resolution of the complex factual and legal issues;

(d) Had Class Counsel not achieved the Settlement Agreement, there would remain a significant risk that the relief obtained via the Settlement Agreement would not have occurred;

(e) Class Counsel has devoted 3,727 hours, with a lodestar value of 2,663,258.50, to achieve the Settlement Agreement; and

(f) The amount of attorneys' fees awarded and expenses reimbursed to be paid by Defendants are fair and reasonable and consistent with awards in similar cases.

12. Each of the Class Representatives has actively participated in all aspects of the litigation. As an incentive reward and compensation for their time and effort expended to serve the Settlement Class and prosecute the Actions, which has resulted in the Settlement Agreement, each Class Representative is hereby awarded $5,000 to be paid by Defendants.

13. Exclusive jurisdiction is hereby retained over the parties and the Settlement Class Members for all matters relating to the above-captioned Actions, including the administration, interpretation, effectuation, enforcement and/or implementation of the Settlement Agreement and this Order and Final Judgment.

14. This Order and Final Judgment and all provisions thereof, and the Settlement Agreement, shall bind each Settlement Class Member. Because this Order and Final Judgment is the result of a Settlement Agreement negotiated between the parties, and because the Settlement Class is an injunctive rather than a damages class, the Court has afforded considerable deference to the attorney's fees award negotiated by the parties. This Order and Final Judgment is not intended to have, nor shall it have, any precedential value outside of this litigation.

15. There is no just reason for delay, and this is a final, appealable order as of when it is stamped as received for filing.

**SO ORDERED.**

Dated: April 7, 2016

/s/
The Honorable Robert M. Levy
United States Magistrate Judge